Julian JARON, Defendant, Appellant,

v.

Hy FRANK, Plaintiff, Appellee.

No. 4997.

United States Court of Appeals
First Circuit.

Nov. 23, 1955.

Charles A. Curran, Providence, R. I., with whom Saul Friedman, Providence, R. I., was on brief, for appellant.

Albert Lisker, Providence, R. I., with whom David Resnick, New York City, was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

The complaint herein was filed in the United States District Court for the District of Rhode Island. It was an action by a judgment creditor based upon a judgment against the defendant in the sum of $3,124.00 entered by default in the City Court of the City of New York on July 28, 1948. Jurisdiction of the federal court was rested on diversity of citizenship, plaintiff being a resident of New York and defendant a resident of Rhode Island. Judgment was entered for the plaintiff pursuant to verdict by a jury, from which judgment the present appeal was taken.

In his answer to the complaint in the court below, defendant-appellant pleaded that the New York judgment sued on had been "entered against him by fraud on the part of the plaintiff." The main ground of his collateral attack upon the New York judgment was the defendant's claim that he had been lured into New York by fraudulent misrepresentations of the plaintiff for the purpose of there effecting personal service upon the defendant in the action commenced against him by the plaintiff in the City Court for the City of New York. Whether this claim was well founded in fact was the subject of conflicting evidence at the trial. The district judge, whether rightly or wrongly, accepted defendant's thesis that, if personal service of process in the New York action had been accomplished by the fraudulent contrivance aforesaid, the New York judgment could be collaterally attacked in the Rhode Island court in the manner set forth in the defendant's answer. Accordingly he instructed the jury "that this judgment obtained by the plaintiff in the City Court of the City of New York is entitled to full faith and credit by you, and that it is binding upon this defendant unless this defendant satisfied you by a fair preponderance of the credible evidence that the plaintiff, Mr. Frank, procured his appearance in the City of New York on May 18th by fraudulent representations and then caused a summons to be served upon him in order to give the New York City Court jurisdiction." Further, he charged that if the defendant did satisfy the jury of such fraudulent enticement, by a fair preponderance of the credible evidence, then "your verdict would be for the defendant and your consideration of this case will end then and there." But if, on the other hand, the jury should find that the defendant had not satisfied them of such fraudulent enticement, by a fair preponderance of the credible evidence, then, they were told, "the judgment of the City Court of New York is valid and legal and is binding upon this defendant in the sum of $3,124, together with interest thereon at the rate of 6 per cent from July 28, 1948, to February 2, 1955."

The jury returned a verdict for the plaintiff. Since there is no reason to doubt that the jury followed the judge's instructions, their verdict for the plaintiff must have been based upon a finding that the defendant had failed to establish his claim of having been lured into New York by fraud of the plaintiff. This finding is not now challenged on this present appeal.

The only point pressed by appellant is the alleged error of the trial judge in refusing to embody in his charge the substance of defendant's second request for jury instructions, as follows:

"If the jury finds, by the fair preponderance of the evidence, that after the defendant was served with civil process in New York, the plaintiff agreed not to obtain a judgment by default or otherwise against the defendant, if the defendant gave him an accounting, and thereafter the defendant complied with the said agreement by furnishing the ac-

counting, and the plaintiff thereafter, without notice to the defendant, caused judgment to be entered against him in the City Court of New York on July 28, 1948, then the jury's finding constitutes fraud in obtaining and procuring the judgment, and the jury's verdict should be for the defendant."

In denying defendant's motion, after verdict, for a new trial, the district judge made the following explanation of his reason for refusing to give the above requested charge:

"With respect to the ground of the motion for a new trial which relates to the refusal of the Court to instruct the jury as requested by the defendant, I will say this for the record: That I refused to instruct the jury as requested because I did not feel, and I do not now feel, that that instruction which was requested fairly conformed to the agreement between the parties; that there was more to the agreement between the parties than an undertaking by the defendant to furnish an accounting by a certain date. This agreement was that he gave certain checks and in addition to those checks he was to furnish an accounting on or before June 7th, as I recall it. Clearly in my judgment the requested instruction did not conform to the agreement between the parties as evidenced by the exhibits; and, for that reason, I declined to instruct as requested."

For a better understanding of the foregoing request to charge, we refer briefly to the circumstances under which the New York City Court entered its judgment by default against the defendant.

The plaintiff, seeking to recover the amount of certain commissions alleged to be due him on account of his services as a salesman for the defendant, commenced in the New York City Court an action of contract against the defendant, by causing to be personally served upon the defendant in New York City on May 18, 1948, a summons which recited that, in case of the defendant's failure to serve a notice of appearance upon the plaintiff's attorney within six days after the service of the summons, judgment would be taken against him by default in the sum of $3,000.00, with interest and costs.

On the day after the summons was served plaintiff and defendant met in New York City and reached an agreement which was the basis of the defendant's claim, as embodied in his requested instruction, that the plaintiff had promised not to proceed to judgment in the New York court provided the defendant should perform certain conditions. This agreement was contained in a writing dated May 19, 1948, signed by both parties. The writing recited that the defendant was giving the plaintiff "my check in the amount of $250.00 dated May 19th, 1948 and a post-dated check in the amount of $250.00 dated May 28th, 1948 as part payment of this indebtedness." In the same writing the defendant promised to render to the plaintiff "a true accounting of all orders received by me * * * under the terms of your employment as a salesman for me, said accounting to be rendered on or before June 7th, 1948." In addition the defendant promised to pay the plaintiff the balance found to be due and owing on said accounting on or before the 21st day of June, 1948.

■ The evidence is undisputed that these two checks, dated May 19, 1948, and May 28, 1948, respectively, when duly presented by the plaintiff for payment "bounced" back because of insufficient funds. Therefore it is clear that the reason given by the district judge for refusing to charge the jury as requested was well taken, inasmuch as the request embodied an inaccurate and incomplete recital of the facts and did not conform to the written agreement between the parties.

Furthermore, as we read the record, it is clear beyond question that the defendant did not, on or before June 7, 1948, render the accounting which he had ex-

**280**

plicitly promised to do in the said agreement of May 19, 1948. This is an additional reason why the defendant's request for instructions was properly refused.

Moreover, even taking the requested charge at its face value, it did not make out a case of "fraud" in procuring the judgment, which was the defense set up in the defendant's answer to the complaint below. At most it made out a case of breach of contract by the plaintiff, consisting of his failure to perform a promise not to proceed to judgment in the New York action provided the defendant complied with the conditions specified. There would be no "fraud" unless the plaintiff was shown to have made some fraudulent misrepresentation of fact, not merely a promise. While we recognize that a promise made with the contemporaneous undisclosed purpose not to keep it may be a sophisticated species of fraud, since by fair implication this is a misrepresentation of a present state of mind, the defendant made no attempt to show that the plaintiff was guilty of this kind of fraud, and the requested instruction was not predicated upon any such theory.

For still another reason we think this appeal must fail. In the present posture of the case, it must be assumed that the summons served upon the defendant in the New York action was in all respects a valid service of process, and that the New York judgment, sued upon in Rhode Island, was rendered by a court having jurisdiction of the subject matter and having personal jurisdiction over the defendant. The defendant has made no effort to show that the New York judgment could be successfully attacked, *in New York,* on the basis embodied in his request to charge. As pointed out in Am.L.Inst., Rest. of Judgments § 114, Comment d, where a suit is brought in one state upon a judgment rendered in a sister state by a court having jurisdiction of the subject matter and of defendant, such out-of-state judgment will be relieved against in the forum "only if the judgment would be subject to some form of relief in the State where rendered"—this by force of the full faith and credit clause of the Constitution of the United States, art. 4, § 1.

The judgment of the District Court is affirmed.