EMMA F. TAYLOR *vs.* WILLIAM A. STOWE.

Worcester. May 22, 1914. — June 16, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Marriage and Divorce,* Alimony. *Judgment. Conflict of Laws.*

In a proceeding for a divorce brought by a wife in the State of Maine, in which the husband appeared by his attorney, a decree was entered, granting the divorce, giving to the libellant the custody of minor children, ordering the libellee to pay to her a certain amount per week till further order of the court, and ordering that, in default of any of such payments for the space of two months, an execution was "to issue therefor." Within a year thereafter the libellant married another man. More than four years after· the decree the libellant, after filing an affidavit which was customary in such cases and without any notice to the libellee, was granted an execution for four years' arrears of alimony and brought an action therefor in this Commonwealth. The Revised Statutes of Maine, c. 62, § 11, provides that when either of the parties in such a proceeding "has contracted a new marriage since the former trial, a new trial may be granted as to alimony or specific sum decreed, on such terms as the court may impose and justice require, when it appears that justice has not been done through fraud, accident, mistake or misfortune." The libellant had not asked for a new trial under that statute. *Held,* that, in the absence of a modifying decree made under the statute, the former decree was in force; that the application for an execution was merely incidental to the original suit, so that no new notice to the defendant was necessary, and that, therefore, under the full faith and credit clause of the Constitution of the United States, the decree must be given effect in this Commonwealth, and judgment must be entered for the plaintiff.

DE COURCY, J. By the Supreme Judicial Court of Maine a divorce was decreed to Emma F. Stowe (now Emma F. Taylor and the plaintiff in this action) on April 28, 1899, and the custody of the minor children was given to her. The decree also recited: "It is further ordered and decreed that the libellee pay to the libellant the sum of three dollars per week, payable monthly, till further order of court, and in default of any of said payments

for the space of two months, an execution is to issue therefor."
It is admitted that the husband (the present defendant) appeared
by attorney in the divorce proceeding.

On August 30, 1899, an execution was issued in her favor for
the sum of $51, being the arrears of alimony to August 25. She
was married to her present husband September 20, 1899. On
September 12, 1913, on the application of the libellant, supported
by an affidavit in accordance with the custom in that State,
there was issued to her another execution for $2,184, being the
alimony that had accrued from August 25, 1899, to August 25,
1913. The present action is brought in our courts to recover this
latter sum.

It is provided by c. 62, § 11, of the Revised Statutes of Maine
that "when either of the parties has contracted a new marriage
since the former trial, a new trial may be granted as to alimony
or specific sum decreed, on such terms as the court may impose
and justice require, when it appears that justice has not been done
through fraud, accident, mistake or misfortune." The main
contention of the defendant is that by reason of this provision
the decree of the Maine court as to alimony became subject to
revision on the remarriage of the plaintiff, and that therefore
it is not such a final decree as comes within the "full faith and
credit" clause of the Federal Constitution.

It is now settled that "generally speaking, where a decree is
rendered for alimony and is made payable in future instalments,
the right to such instalments becomes absolute and vested upon
becoming due, and is therefore protected by the full faith and
credit clause, provided no modification of the decree has been
made prior to the maturity of the instalments." White, J., in
*Sistare* v. *Sistare*, 218 U. S. 1, 16. In the case of *Page* v. *Page*,
189 Mass. 85, relied on by the defendant, the demurrer was
sustained because it did not appear that the plaintiff had ob-
tained a final decree in Maine. The mere fact that the statute
gave the defendant a right to apply for a new trial as to ali-
mony when the plaintiff contracted a new marriage, does not,
in our opinion, deprive the decree of its final character. Unless
and until such application is filed and it is made to appear
that "justice has not been done through fraud, accident, mistake
or misfortune," the original decree remains, unmodified and in

full force and effect. This renders it unnecessary to consider
the right of the defendant to apply for a new trial after the three
years mentioned in the statute. And it appears from the case
of *Stratton* v. *Stratton,* 73 Maine, 481, referred to in the agreed
facts, that the Maine court has no authority, except in cases
specified by the statute, to modify an absolute decree for alimony
once rendered.

It is further contended by the defendant that there was no final
judgment in Maine represented by the execution annexed to the
plaintiff's declaration. This objection seems to us untenable.
Chapter 62, § 14, of the Revised Statutes of Maine expressly
provides that the court, in the execution of the powers given to
it in that chapter, "may employ any compulsory process which
it deems proper, by execution, attachment or other effectual
form." On August 25, 1913, monthly instalments that had ac-
crued since August 25, 1899, were due and unpaid; and proof of
that fact was furnished to the court by the customary affidavit
of the libellant when she filed her application for the execution.
This was in accordance with the established practice in Maine.
*Prescott* v. *Prescott,* 62 Maine, 428. To the defendant's objection
that no notice of this application was served on him or on his
attorney of record, the language of Appleton, C. J., in the Prescott
case (page 430) is applicable: "There was no occasion to issue a
rule on the libellee, for he was in court by his counsel, and
it being shown satisfactorily to the court, that monthly instal-
ments due remained unpaid, the libellant was entitled to an
execution for the amount." The application for an execution
was not a new or independent proceeding, but was merely in-
cidental to the original suit, in which the defendant appeared
by counsel after due service of the libel. *Wells* v. *Wells,* 209
Mass. 282.

The defendant became indebted to the plaintiff for the instal-
ments of alimony as they accrued. The decree was an enforceable
judgment in the State where it was rendered; and, at the latest,
after execution was issued, it was not open to revision. Our duty
to give effect to it clearly results from the full faith and credit
clause of the Federal Constitution. *Sistare* v. *Sistare,* 218 U. S.
1, 16.

It follows that judgment must be entered for the plaintiff in

the sum of $2,323.78, which is the amount found due by the judge of the Superior Court.*

*So ordered.*

The case was submitted on briefs.

*G. S. Taft & J. J. MacCarthy,* for the defendant.

*S. Bishop,* for the plaintiff.