TILLIE J. BOLTON, RESPONDENT, v. JAMES H. BOLTON, APPELLANT.

Submitted July 6, 1914—Decided November 16, 1914.

1. The decree made by a court of a sister state adjudging alimony to a wife payable in future installments, is a final judgment entitled to the protection of the full faith and credit clause of the federal constitution as to all past-due installments, unless the right to the alimony is so within the discretion of the court rendering the decree that it does not vest in the beneficiary, even in the absence of the exercise of any discretionary power which the court may have to annul, vary or modify the decree.

2. A decree for future alimony payable in installments and which the court may subsequently annul, vary or modify upon due notice to all parties interested, confers a vested right in the beneficiary to all installments that have become due, which cannot be annulled, varied or modified as to them.

3. The statute of the State of New York authorizing the court to make directions concerning the allowance of alimony, with power at any time after final judgment to annul, vary or modify such judgments, confers no retroactive power to alter the judgment as to past-due installments, and the annulment, variation or modification can only affect installments which have not fallen due, and such decree, as to past-due installments is a final decree, entitled to the benefit of the full faith and credit clause of the federal constitution.

On appeal from the Supreme Court, whose opinion is reported in 86 *N. J. L., ante p.* 69.

For the plaintiff, *Collins & Corbin.*

For the defendant, *Clarence E. Case.*

The opinion of the court was delivered by

BERGEN, J. By the decree of the Supreme Court of the State of New York, the plaintiff was granted an absolute divorce from her husband, the defendant, and by the same decree it was adjudged that the defendant pay the plaintiff the sum of $125 monthly, for her support and maintenance, such payments to be made on the first day of each month, beginning with August 1st, 1911.

The defendant made such payments to, and including November 1st, 1911, and thereafter refused to make them, whereupon the plaintiff brought her suit in the Supreme Court of this state, to recover past-due installments which had accrued on the decree between December 1st, 1911, and November 1st, 1913, the summons being tested November 10th, 1913.

The defendant, in his answer, admitted the making of the decree by the Supreme Court of the State of New York, as well as non-payment of the installments of alimony thereby adjudged, as set out in plaintiff's complaint, but set up two defences—(*a*) that the defendant had been, on February 28th,

1913, adjudged a bankrupt, and that all of the alimony which had accrued prior to that date became the property of her trustee in bankruptcy, and was therefore not recoverable by her; (*b*) that the decree, the basis of plaintiff's action, was not final in the state where made, but was there subject to annulment, variation or modification, and therefore the complaint disclosed no cause of action. The plaintiff moved, before a justice of the Supreme Court of this state, to strike out the answer, who, after argument, determined, first, that all of the installments which were past due, when the petition in bankruptcy was filed, belonged to the trustee in bankruptcy, and, as to that part of plaintiff's claim, she could not recover; second, that the decree was not such a final judgment as to be within the full faith and credit clause of the federal constitution; third, that the decree was evidential of the amount due, no claim of payment, or change in the decree being claimed, and "a sound public policy should prompt this court to aid the courts of New York in the enforcement of a decree whose propriety is in no way questioned." The court thereupon ordered a judgment entered in favor of the plaintiff for the installments of alimony which had accrued subsequent to the petition in bankruptcy and prior to the bringing of the suit, and denied recovery as to the past due and unpaid installments accruing prior to the bankruptcy. The defendant appeals from the judgment thus entered against him. Whether alimony awarded the wife for support and maintenance is an asset subject to be taken by her trustee in bankruptcy we do not pass on, because the wife has not appealed from the adjudication against her on that branch of the case.

We do not agree with the determination of the court below, that although the decree of a court of a foreign jurisdiction is not such as to entitle it to full faith and credit in this state, it may, nevertheless, be used as conclusive evidence of the amount due, in aid of the enforcement of a decree of a sister state, for that would give it a part, at least, of the qualifications of a judgment entitled to full faith and credit, it either possesses such qualifications, or it is not conclusively evidential of the fact it is supposed to prove, and which the court

assumed it did conclusively prove, otherwise the judgment ordered had no support. In addition to this, the proceeding in this state is not to aid the State of New York in enforcing its decree here, either by execution, sequestration or by any other method of legal enforcement. The proceeding under review is an action by the plaintiff against the defendant to recover money claimed to be due, and if plaintiff recovers, she will have a new judgment enforceable according to the law of this state. The judgment upon which plaintiff relies is only evidence that her demand has been established in the courts of the State of New York, and if properly recovered in a court having jurisdiction of the person and subject-matter, which has not been imposed upon by fraud, and in which the court has acted fairly and without fraud, must, according to the federal constitution, be accepted in a sister state as conclusive of the matters thereby adjudicated, but if it lacks the necessary attributes of such a final and conclusive judgment, it should not be accepted on any theory of comity or public policy, as establishing conclusively any part of the matters thereby adjudicated in support of an action founded alone upon a decree which, to avail the plaintiff, must be a final and conclusive adjudication of the amount due.

The rule laid down in *Wigm. Ev.,* § 1347, is this: "If the judgment is recognized as conclusive, then the plaintiff offering it is given his order to enforce it, or when it is pleaded in bar, is denied an order to enforce his claim. If the judgment is not recognized as conclusive, then an action or a defence based on it is rejected, and the state of facts as to the original claim is investigated in a practically distinct proceeding, in which the prior judgment plays no part except in sometimes affecting the burden of proof."

We are also of opinion that the trial court fell into an error in holding that the decree under consideration was not such a final and conclusive judgment as to bring it within the full faith and credit clause of the federal constitution, as to past-due installments of alimony, and this was perhaps due to the fact that its attention was not called to the case of *Sistaire* v. *Sistaire,* 218 *U. S.* 1, in which Chief Justice White distin-

guishes *Lynde* v. *Lynde,* 191 *Id.* 183, upon which the trial court relied, from *Barber* v. *Barber,* 21 *How.* 585. In that case, the wife had a decree which required the husband to pay to her in quarterly installments the annual sum of $360, and, the defendant having defaulted, the wife brought suit to recover alimony past due, and having judgment in the District Court of the United States for the District of Wisconsin, the husband appealed to the Supreme Court of the United States. The decree was an adjudication of the Court of Chancery of the State of New York, and it contained the proviso, that the parties thereto might, by their joint petition, apply to the court to have the decree modified or discharged. The Supreme Court of the United States affirmed the judgment, holding that alimony decreed to a wife is as much a debt as any other judgment for money is. In the Sistaire case the Chief Justice said: "When these two cases are considered together, we think there is no inevitable and necessary conflict between them, and in any event if there be, that Lynde *v.* Lynde must be restricted or qualified so as to cause it not to overrule the decision in the Barber case. In the first place, in the Lynde case, no reference whatever was made to the prior decision, and it cannot be said that such decision was overlooked, because it was referred to in the opinion of the court below and was expressly cited and commented upon in the briefs of counsel submitted in the Lynde case. In the second place, in view of the elaborate and careful nature of the opinion in Barber *v.* Barber, of the long period of time which had intervened between that decision and the decision in Lynde *v.* Lynde, and the fact which is made manifest by decisions of the court of last resort of the several states that the rule laid down in the Barber case had been accepted and acted upon by the courts of the states generally as a final and decisive exposition of the operation and scope of the full faith and credit clause as applied to the subject with which the case dealt, it is not to be conceived that it was intended by the brief statement in the opinion in Lynde *v.* Lynde to announce a new and radical departure from the settled rule of constitutional construction which had prevailed for so long a time.

* * * We think the conclusion is inevitable that the Lynde case cannot be held to have overruled the Barber case, and, therefore, that the two cases must be interpreted in harmony one with the other, and that on doing so, it results, first, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments. * * * Second, that this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installment becoming due." The Chief Justice then proceeded to the discussion of the question of the finality of a judgment for installments of alimony under the statute of the State of New York as it existed in 1899 when the litigation in the Sistaire case was instituted, and held that under the law as it then existed in the State of New York, there was no statute which expressly gave power to the court to revoke or modify an installment of alimony which had accrued prior to the application for modification, and that a decree for the payment of alimony was final and conclusive, as to past-due installments, and was therefore entitled to the benefit of the full faith and credit clause of the federal constitution. The cases bearing upon this question all appear in the opinion of the Chief Justice, and a discussion here of that question would be unseemly, because the question involved is an application of the federal constitution to the statutory law of one of the states of the Union, the principle of which is involved in the present controversy, and this court should and ought to be controlled by the determination of that high tribunal.

In *Taylor v. Stowe*, 105 *N. E. Rep.* 890, the Supreme Court

of Massachusetts held that where the statute of a sister state provided that where either of the parties contracted a new marriage, a new trial may be granted as to the alimony, that until an application has been made for a new trial in a case where one of the parties has remarried, the original decree remains in full force, and as such, has the protection of the full faith and credit clause, and the fact that the statute of the state where the decree was made gave the defendant the right to apply for a new trial as to alimony, did not deprive the decree of its final character, until application for a new trial was made.

The defendant in this case, however, claims that the statute of the State of New York has been amended since 1899 by the addition of the word "annul," which, it is claimed, has a broader signification than the words "vary" or "modify," and that therefore the reasoning of the Chief Justice, in the Sistaire case, is not applicable, and this is based upon a quotation, in the opinion, of section 1771 of the New York code of *Civ. Pro.,* in force in 1899, which omits the word "annul." This is clearly a misquotation, for section 1771, as it existed in 1899, as set out in the margin of the opinion, and as it actually existed, reads: "The court may, by order upon the application of either party to the action, after due notice to the other, to be given in such a manner as the court shall prescribe, at any time after final judgment *annul,* vary or modify such directions." That such was the statute which the Chief Justice was construing is not only manifested by his reference to it in the opinion as copied in the margin, but by the further fact that it was the law of New York relating to "separating the parties from bed and board forever, or for a limited time for either of the following causes," and in the Sistaire case, the decree was one for separation "from the defendant, and from the bed and board of said defendant, on the ground of non-support and cruel and inhuman treatment of the defendant." Therefore, the Chief Justice was, in the Sistaire case, dealing with a decree of separation, and from bed and board, in which cases the court of New York had power to annul, vary or modify the directions concerning alimony and the

power to annul was a necessary element of the decision. The statute to which the appellant here refers to as having been amended in 1900, was section 1759 of the New York code, which refers to a final judgment dissolving the marriage relation, the amendment being the introduction of the words "whether heretofore or hereafter rendered, annul," so that the statute as amended read, that the court might, on application of either party after due notice, "at any time after final judgment whether heretofore or hereafter rendered, annul, vary or modify such a direction," but this amendment of section 1759 did not affect cases prosecuted under section 1771, which was the section controlling the Sistaire case. This amendment was reviewed by the Court of Appeals of New York in *Livingston* v. *Livingston,* 173 *N. Y.* 377, where it was held that it was unconstitutional so far as it applied to any judgment theretofor rendered. That was a case of an absolute divorce and the court held that when the decree was entered, the court had no statutory right to alter it, "although it existed where the action was for a separation," citing section 1771 of the *Civ. Pro.* code.

But if we assume that the word "annul" was not in the statute construed in the Sistaire case, and has been since added so as to be applicable to the present decree, still the court has not, under the rule adopted in that case, power to annul, vary or modify the decree as to installments due and payable before any such annulment or variation is made, unless under the law of the state in which the decree is made, the right to demand past-due alimony is discretionary with the court to such an extent that no absolute vested right attaches to have the past-due installments paid. That no power to vary, or modify past-due installments was vested in the courts of New York by any statute of that state, prior to the amendment of 1900, was settled by the Sistaire case, and the addition of the word "annul," by an amendment to the statute, would not give to the courts any additional retroactive power. If no power existed to vary or modify a decree with reference to past-due alimony, and such authority in the statute did not operate retroactively, as seems to be the rule established, not

only by the courts of New York, but also by the Supreme
Court of the United States, certainly the addition of the word
"annul" by statute, unless accompanied by an express power
to revoke or modify an installment which had accrued prior
to the exercise of such a power, would not be construed as a
legislative intent to give a statute retroactive effect which it
would not possess except for the use of the word "annul," for,
in the absence of an express power, every reasonable implica-
tion must be resorted to against the existence of such power.
It may be assumed, so far as the present case is concerned,
that the courts of New York have the power to annul, vary
or modify a decree for alimony, with reference to future in-
stallments, but it seems to be clearly settled by the cases above
referred to that, under the statute of New York, its courts
have no power to annul so much of a decree as relates to in-
stallments already due and payable, because the right thereto
becomes absolute and vested upon becoming due. The decree,
upon which this action is founded, being a final and conclu-
sive judgment as to past-due installments, was therefore one
entitled to the benefit of the full faith and credit clause of
the federal constitution, and the refusal of the trial court to
give it such effect was error, but the plaintiff being entitled
to recover on her foreign decree as a judgment entitled to full
faith and credit, would have prevailed if the proper rule had
been applied by the court below, and therefore the judgment
will be affirmed, for the reasons indicated in this opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, BERGEN, KALISCH, BLACK, BO-
GERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ.    12.

*For reversal*—None.