**Jeanne HELGESSON, Plaintiff,**

v.

**Uno HELGESSON, Defendant.**

**Civ. A. No. 60–525.**

United States District Court
D. Massachusetts.

June 28, 1961.

Sydney Berkman, Boston, Mass., for plaintiff.

Edward E. Cohen, Boston, Mass., for defendant.

JULIAN, District Judge.

The plaintiff, a citizen of California, brings this action against the defendant, her former husband, now a citizen of Massachusetts, to recover alimony due under a divorce judgment rendered by a California court, and now moves for summary judgment under Fed.Rules Civ. Proc., rule 56, 28 U.S.C.

In March 1953 the plaintiff brought suit for divorce against the defendant in the Superior Court of the State of California in and for the County

of Alameda. The defendant appeared generally and filed an answer together with a cross-complaint for divorce against the plaintiff. It is not disputed that both parties were at that time domiciled in California. While that action was pending, the plaintiff, on August 27, 1953, was served in California with process requiring her to answer to actions for divorce and annulment brought against her by the defendant in the First Judicial District Court of the State of Nevada in and for the County of Ormsby. The plaintiff did not appear, or file any pleading, or take any other action that subjected her to the jurisdiction of the Nevada court. The next day, August 28, the defendant filed an amended answer and cross-complaint in the California proceeding. This pleading, signed and sworn to by the defendant's attorney on August 28, 1953, and the original answer and cross-complaint, signed and sworn to by the defendant himself on June 17, 1953, and filed on June 22, 1953, contained the allegation "that the plaintiff and defendant were married in the City of Santa Cruz on the 14th day of December, 1946, and ever since have been and now are husband and wife." In the original and in the amended cross-complaint the defendant prayed "that the bonds of matrimony heretofore and now existing between the plaintiff and defendant be forever dissolved and that an interlocutory decree and judgment of divorce be entered in favor of the defendant." The plaintiff, on September 1, 1953, filed in the California court a motion to advance her action for divorce for trial and attached thereto two affidavits informing the court of the two actions filed by the defendant in Nevada and stating among other things that the defendant had been and was then a resident of California and was not a resident of Nevada as he had alleged in his actions. The Nevada court, on September 18, 1953, entered a default judgment annulling the marriage. The California court heard the plaintiff's action on September 28 and 29, 1953. The defendant's cross-complaint was dismissed. Both parties were represented by counsel and evidence was introduced on behalf of each. The Court found for the plaintiff and granted her an interlocutory judgment of divorce on September 29, 1953, on the ground of extreme cruelty. The interlocutory judgment was formally entered on October 15, 1953. The judgment granted custody of the minor child to the plaintiff and ordered the defendant to pay the plaintiff $200 a month as alimony and $150 a month for the support of the minor child. The judgment further provided for the distribution of the real and personal community property of the parties. No appeal having been taken from the interlocutory judgment and no motion for a new trial having been made, the California court, a year later, on October 18, 1954, granted the plaintiff a final judgment of divorce which incorporated all the terms of the interlocutory judgment. This judgment has never been vacated or modified.

In 1954 the plaintiff filed a petition against the defendant under Mass.G.L. c. 208, § 35, in the Middlesex Probate Court, Commonwealth of Massachusetts, seeking to hold the defendant in contempt for failure to comply with the California judgment. The petition was dismissed by the Probate Court on a finding that the defendant's failure to obey was not contemptuous since he was paying all that he could in fact afford.

On October 14, 1955, the plaintiff brought suit against the defendant in this Court for unpaid alimony that had accrued up to that date under the terms of the California judgment. No mention was made of the Nevada cases by either party. The dismissal of the plaintiff's petition by the Middlesex Probate Court was considered by this Court and held to be no bar to recovery by the plaintiff on the California judgment. The plaintiff's motion for summary judgment was granted. Helgesson v. Helgesson, D.C. Mass., C.A. 55–923–F.

In February 1956 the plaintiff filed a petition against the defendant in the Third District Court of Eastern Middlesex, Commonwealth of Massachusetts, un-

der the uniform reciprocal enforcement of support act, Mass.G.L. c. 273A. This proceeding was in effect a continuation of one previously brought under the same act in the Middlesex Probate Court. See, Helgesson v. Helgesson, supra. The Third District Court found that the plaintiff was not "in need of or entitled to support" but ordered the defendant to pay the plaintiff for the support of the minor child "an additional sum of $50 each month, the payment to total $200 monthly."

In July 1960 the plaintiff brought the present action to recover unpaid alimony installments that have accrued under the California judgment from October 1955 through June 1960.

The plaintiff admits that the defendant has paid her all the money due for the support of the minor child. It is conceded, however, that the defendant has not paid the plaintiff any alimony since September 30, 1955. The alimony installments which have accrued under the California judgment from that date to July 21, 1960, when the complaint in this action was filed, total $11,600.

The defendant resists the plaintiff's claim on two grounds: (1) The California judgment "cannot have full force and effect nor be recognized by this Court" because of the prior judgment of annulment granted to the defendant by the Nevada court; (2) the plaintiff by "proceedings brought in the Massachusetts Probate Court and further proceedings brought in the Third District Court of Eastern Middlesex * * * made an election to submit to the jurisdiction of our Massachusetts Court."

The California judgment was rendered by a court having jurisdiction of the subject matter and personal jurisdiction over the defendant. The defendant has made no showing that the California judgment could be successfully attacked in California on the basis of the Nevada judgment of annulment. In Jaron v. Frank, 1 Cir., 1955, 227 F.2d 277, 280, the Court said:

"As pointed out in Am.L.Inst., Rest. of Judgments § 114, Comment

d, where a suit is brought in one state upon a judgment rendered in a sister state by a court having jurisdiction of the subject matter and of the defendant, such out-of-state judgment will be relieved against in the forum 'only if the judgment would be subject to some form of relief in the State where rendered'— this by force of the full faith and credit clause of the Constitution of the United States, art. 4, § 1."

No contention is made by the defendant that he was not given an adequate opportunity in the California divorce action to contest the existence of the marital relationship between himself and the plaintiff or to plead the Nevada judgment of annulment as a bar to the entry of a judgment of divorce by the California court. On the contrary, it affirmatively appears that in his original and in his amended answer and cross-complaint the defendant represented to the California court that he and the plaintiff were married on December 14, 1946, and "ever since have been and now are husband and wife."

Implicit in the judgment of the California court granting the plaintiff a divorce from the defendant is a finding that they were validly married to each other and that the marital relationship remained in existence until it was dissolved by the judgment of that court.

In a similar case involving Ohio and Mexican divorce decrees, Harrison v. Harrison, 4 Cir., 1954, 214 F.2d 571, the Court, at page 573, said:

"During the ten months which elapsed between the Mexican decree and the trial of the Ohio divorce proceeding, the Ohio court was wide open to Joseph to assert the defense of the dissolution of the marriage in Mexico. This he failed to do. Indeed, the wife presented a copy of the Mexican decree to the Ohio court and the Ohio court proceeded to grant her a divorce in the face of the Mexican decree. The dissolution of the marriage by the Ohio court in

October, 1952, necessarily included an adjudication that the marriage between the parties then existed. Joseph had that fact adjudicated against him in Ohio; and it is now too late for him to relitigate the same issue of fact against Martha in Virginia."

The Restatement of the Law of Judgments, section 42, states the rule as follows:

"Where in two successive actions between the same parties inconsistent judgments are rendered, the judgment in the second action is controlling in a third action between the parties."

■ Where two actions involving the same issue are pending between the same parties it is the first final judgment rendered in one of the actions which becomes conclusive in the other action regardless of which action was brought first. Id., section 43, comment a. If, however, the judgment in the second action is not proved in the first action before the rendition of judgment in that action, and the judgments are inconsistent, the judgment later rendered is conclusive in a third action between the parties. Id., section 43, comment d. This is so not only where the actions are brought in the same State, but also where they are brought in different States. Id., section 43, comment b.

■ Section 47, comment e, of the same Restatement sets forth an additional rule that appears to be clearly applicable to the case before us:

"Where the plaintiff brings an action upon the judgment the defendant cannot collaterally attack the judgment. The defendant cannot avail himself of defenses which he might have interposed in the original action. It is immaterial whether he did in fact interpose such defenses in the original action or whether he failed to do so."

This rule applies not only to money judgments at law but also to decrees in equity directing the defendant to pay to the plaintiff a sum of money. Id., comment g. See also Sherrer v. Sherrer, 334 U.S. 343, 352, 68 S.Ct. 1087, 92 L.Ed. 1429.

■ The decree of the Middlesex Probate Court on the petition brought under Mass.G.L. c. 208, § 35, is no bar to this action. Helgesson v. Helgesson, supra.

■■ The proceedings instituted by the plaintiff against the defendant in the Massachusetts courts under the uniform reciprocal enforcement of support act, and the orders made by the courts in those proceedings, together with acceptance by the plaintiff of payments made by the defendant for the support of the minor child in compliance with such orders do not, contrary to the contentions of the defendant, affect the enforcibility of the alimony provisions of the California judgment. The remedies provided by that act are in addition to and not in substitution for any other remedy. Mass. G.L. c. 273A, § 2.

The California judgment has never been revoked or modified. California law does not permit revocation or modification of alimony installments that have already accrued. Cal.Civil Code, § 139, as amended by Stats.1951, ch. 1700, § 7. Under these circumstances accrued alimony installments fall within the protection of the full faith and credit clause of the Constitution of the United States, art. 4, § 1. Sistare v. Sistare, 1909, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905.

I hold, therefore, that the plaintiff is entitled to have her judgment given full faith and credit under the Constitution of the United States.

Since there is no genuine issue as to any material fact, and since the moving party is entitled to a judgment as a matter of law, the motion for summary judgment is granted.

Judgment will be entered for the plaintiff in the amount of $11,600.