Suzanne S. Hill

*v.*

Ernest Blaine Hill

(No. 12776)

Submitted May 6, 1969.        Decided July 22, 1969.

Dissenting Opinion July 22, 1969.

*Paul E. Parker, Jr.,* for appellant.

*A. Blake Billingslea,* for appellee.

Caplan, Judge:

The plaintiff, Suzanne S. Hill, instituted an action against the defendant, Ernest Blaine Hill, in the Circuit Court of Marion County seeking to recover certain support moneys alleged by her to be in arrears. From an adverse judgment the plaintiff prosecutes this appeal.

The parties to this action, formerly husband and wife, were residents of Washington County, Pennsylvania, where, on July 7, 1955, in the Court of Common Pleas, the plaintiff obtained a divorce from the defendant. Three children were born of this marriage, the custody of whom was awarded to the plaintiff. Thereafter, in a proceeding in the Court of Quarter Sessions of Washington County, Pennsylvania, Ernest Blaine Hill was ordered to pay Suzanne support money for the maintenance of the children. Many orders appear in the record which show that the court on various occasions increased or decreased the amount of monthly payment required of the defendant. Such orders also show that the court issued bench warrants upon the defendant's failure to pay, conducted contempt proceedings, required payment of accrued arrearages and at different times cancelled such arrearages.

The last order entered by the Court of Quarter Sessions was dated October 30, 1964, and directed the defendant to pay $250.00 per month, beginning in November, for the maintenance of the three children, plus $50.00 per month to be applied to the arrearages. In her complaint Suzanne alleges that Ernest has failed to comply with the orders of the court requiring the payment of monthly sums and is in arrears in such payments in the sum of $5,297.00. It is for this amount, consisting of arrearages only, that she instituted this action in the Circuit Court of Marion County.

Prior to the institution of such action and upon the further failure of Ernest to pay Suzanne, the judge of the Quarter Sessions Court, under the Uniform Support Law of Pennsylvania, directed that the proceedings be transmitted to the 16th Judicial Court in Marion County at Fairmont, West Virginia "for filing and procedure there against the defendant Ernest B. Hill." The matter was so transmitted on May 4, 1965.

Upon receipt of the proper complaint, the Criminal Court of Marion County, West Virginia, acting as the responding state under our Reciprocal Dependency Law

(Code, 1931, 48-9, as amended), entered an order of support. It was recited in that order that Ernest B. Hill had submitted to the jurisdiction of said court; that he agreed to the entry of an order requiring him to pay $225.00 per month for the support of his minor children; and that such payments would be made to the Clerk of the Criminal Court of Marion County, who would transmit them to the Clerk of the Quarter Sessions Court of Washington County, Pennsylvania. These payments were to be made in semi-monthly installments of $112.50 each, said installments to be paid on the 1st and 15th day of each succeeding calendar month thereafter until further order of the court.

In the instant case, pursuant to an order of the circuit court entered on September 18, 1966, this matter was referred to a commissioner who was directed to take testimony for the purpose of determining the total amount, if any, due from the defendant to the plaintiff. The commissioner's report was filed with the court on March 22, 1967, showing that the defendant owed the plaintiff, as arrearages in payments of support money, the sum of $2,145.50. Contending that she is entitled to said sum of $2,145.50 as a matter of law and that there is no genuine issue as to any material fact, the plaintiff filed a motion for summary judgment.

The defendant likewise filed a motion for summary judgment and moved the court to dismiss the action. These motions were based primarily on a Pennsylvania statute which provides that any order entered for support of a wife, child or parent may be altered, repealed, suspended, increased or amended and that the court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant. The defendant asserted that the Pennsylvania support orders were not final orders and were therefore not enforceable in this state.

The circuit court dismissed the plaintiff's action, holding that the order of the Court of Quarter Sessions of Wash-

ington County, Pennsylvania, by reason of the above statute, did not possess the requisite finality to be entitled to full faith and credit under the Constitution of the United States and thus be entitled to be enforced as a foreign judgment in West Virginia. Furthermore, said the court, it is prohibited from entertaining jurisdiction in this matter by the opinion in *Henry* v. *Henry,* 74 W. Va. 563, 82 S. E. 522; nor, it held, does it have jurisdiction to render a judgment based on arrearages accrued under the order of a Pennsylvania court.

The plaintiff here says that the trial court erred in dismissing her action and in support thereof assigns as error the court's action "in concluding as a matter of law that the order of the Court of Quarter Sessions of Washington County, Pennsylvania does not possess the requisite finality to be entitled to full faith and credit under the Constitution of the United States and thus be entitled to be enforced as [a] foreign Judgment in West Virginia, and * * * in concluding as a matter of law that the Court is prohibited from entertaining jurisdiction in this matter by the opinion of Henry v. Henry, 74 W. Va. 563, 82 S. E. 522, and * * * in concluding as a matter of law that the Court does not have jurisdiction to render a judgment in favor of the plaintiff against the defendant based upon arrearages accrued under the order of the Court of Quarter Sessions of Washington County, Pennsylvania * * *." Other assignments of error are noted but the ones above quoted set out the issues involved.

The question for decision on this appeal is whether the trial court, in an action instituted to recover arrearages accrued under a Pennsylvania judgment for child support, was right in denying full faith and credit to such judgment on the ground that it lacks finality by reason of a statute of that state which permits a child support order to be altered, repealed, suspended, increased, reduced or remitted at any time, as the occasion may warrant.

Article IV, Section 1 of the Constitution of the United States provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Pursuant to said constitutional provision, Congress enacted a law, designated in United States Code Annotated as Title 28, Section 1738, setting out the manner by which records and judicial proceedings shall be authenticated so as to be admissible in courts of other states and which, in part, reads: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

The Full Faith and Credit Clause of the Constitution was adopted by the Framers in their endeavor to truly "form a more perfect Union." They obviously deemed it wise to preserve the autonomous nature of states to the extent that litigation therein be afforded the character of finality. Otherwise, one may be subjected to repetitive litigation in one state after another. With this result, however, it was considered essential that the judicial proceedings of each state be afforded full force and effect in her sister states, lest one be permitted to escape the operation of a judicial decree by merely absconding to another state. This permissive escape would be condoned under the decision of the trial court in the instant case.

A final judgment awarding Suzanne a divorce from Ernest was entered by the Pennsylvania court in 1955. When that judgment was entered the court had jurisdiction of the subject matter and personal jurisdiction of Ernest, the defendant. Likewise, the Court of Quarter Sessions in Pennsylvania had jurisdiction of the defendant when he was ordered to pay for the support of his

three children. The defendant has made no showing that the validity of the Pennsylvania judgments could be successfully attacked; nor has he appealed such judgments. Certainly the Pennsylvania divorce order is a final judgment which must, under the above quoted constitutional provision, be recognized and is enforceable in all of the states of the Union.

By reason of the aforesaid divorce many orders were entered requiring the defendant to pay various sums for child support, the last of which was dated October 30, 1964, and directed that the defendant pay "for the support of three children the sum of $250.00 per month * * *, plus $50.00 per month to apply to the arrearages * * * and $10.00 per month to apply to costs and supervision * * *; a total of $310.00 per month." Nothing on the fact of this order limits the period of time that these payments are to be made. In its posture as rendered it is a final order.

The defendant contends that the support order is not final by reason of the Pennsylvania statute which provides that such order is subject to modification, and that it is not therefore entitled to the protection of the Full Faith and Credit Clause. In the circumstances of this case we are unable to agree with the defendant's contention. Child support, custody and other related cases present problems and situations which sometimes require the application of principles not employed in other cases. This was succinctly said by Mr. Justice Frankfurter, concurring in *New York ex rel. Halvey v. Halvey*, 330 U. S. 610, 91 L. Ed. 1133, 67 S. Ct. 903: "Conflicts arising out of family relations raise problems and involve considerations very different from controversies to which debtor-creditor relations give rise. Such cardinal differences in life are properly reflected in law. And so, the use of the same legal words and phrases in enforcing full faith and credit for judgments involving the two types of relations ought not to obliterate the great difference between the interests affected by them, and should not lead to an irrelevant identity in result.

"The constitutional policy formulated by the Full Faith and Credit Clause cannot be fitted into tight little categories or too abstract generalities. * * * The scope of the Full Faith and Credit Clause is bounded by its underlying policy and not by procedural considerations unrelated to it. Thus, in judgments affecting domestic relations technical questions of 'finality' as to alimony and custody seem to me irrelevant in deciding the respect to be accorded by a State to a valid prior judgment touching custody and alimony rendered by another State." See also *Bukovich* v. *Bukovich,* 39 Ill. 2d 76, 233 N. E.2d 382 and *May* v. *Anderson,* 345 U. S. 528, 97 L. Ed. 1221, 73 S. Ct. 840.

Courts should be concerned with substance, not mere form. In a case involving the support of a child the awarding court must necessarily retain jurisdiction. The reason therefore should be obvious. If the one charged with the payment of support money fails to meet his obligation, the court is available to correct the ways of the errant defendant and thus see that he provides for his child. In the event the fortunes of the parties materially change, the judge can, when called upon, modify the decree for payment to conform to the new situation in which the parties find themselves. "A judgment may be final although the court retains jurisdiction to carry the judgment into effect * * *." 50 C.J.S., Judgments, Section 620. Thus, in the instant case, when the court ordered the defendant to pay a sum certain for child support this was a final act and order. The finality of the order is not defeated by the statute which permits the court to modify such order "as the case may warrant."

Considering the nature of this case, that is, one for child support, we must look at the Pennsylvania order when it was rendered and consider its posture at the time this action was instituted. As noted above, the order has all the attributes of a final act of the court, even though that court retained jurisdiction of the case to see that the order was carried into effect. This was not done

by the order but by statute. It clearly ordered the defendant to make monthly payments in a liquidated sum without any limitation as to when such payments shall cease. As the months passed and as the defendant continued to fail to make such payments each and every payment and the total thereof became due and payable for the support of his children.

While the Pennsylvania statute alluded to above allows the court to modify the decree, even as to arrearages, it is implicit therein that the court will not act on its own initiative. It is incumbent upon the parties or one of them to initiate a proceeding to effect such modification. The statute provides that modification may be made "as the case may warrant." This, we believe, means that one of the parties must prove to the court that changed conditions warrant such modification. The defendant in this case did not seek to have the support decree modified. He merely left the jurisdiction. In this circumstance the support decree remains in full force and effect as a final order of the court. Though it could have been modified, it never was. Thus, the amount accrued under the decree remains past due and payable. It is a debt owed by Ernest to Suzanne.

In *Holton* v. *Holton*, 153 Minn. 346, 190 N. W. 542, 41 A.L.R. 1415, the court said that so long as a judgment for alimony payable in installments is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to installments which have accrued and is entitled to full faith and credit in the courts of a sister state in an action founded upon it.

In *Bolton* v. *Bolton*, 86 N.J.L. 622, 92 A. 389, the plaintiff obtained a divorce and alimony from her husband by a decree of a court in the state of New York. Upon a suit in New Jersey for unpaid installments of alimony, the defendant asserted as a defense that the decree was not final in New York because it was subject to annulment or modification. The court permitted the plaintiff to re-

cover, saying that a decree for future alimony payable in installments, which the court may subsequently vary or annul, confers a vested right in the beneficiary to all installments that have become due. Admittedly, in that case it was held that New York courts did not have power to annul so much of a decree as relates to installments already due and payable. While the Pennsylvania court did have that power by statute in the instant case, no modification of the decree was made or even applied for and the plaintiff now has a vested right in the accrued support installments. See also *Gilbert* v. *Hayward*, 37 R. I. 303, 92 A. 625; *Taylor* v. *Stowe*, 218 Mass. 248, 105 N. E. 890; *Campbell* v. *Campbell*, 28 Okla. 838, 115 P. 1111; and *Toms* v. *Toms*, 68 N.Y.S.2d 718, 188 Misc. 451.

If such an order as the one entered by the Pennsylvania court requiring the defendant to pay for the support of his children is not entitled to full faith and credit, all a defaulting husband has to do is to move from one jurisdiction to another and he can effectively escape his legal obligation. A support order may and usually does remain in effect over a long period of years. Can it never become final so as to be entitled to the protection of the Full Faith and Credit Clause? We think it must, lest justice and right be rendered subservient to procedure and form.

We are cognizant of the line of authority cited and quoted by the defendant which holds that a judgment, to be entitled to recognition and enforcement under the Full Faith and Credit Clause, must be final, adjudicating the litigation in a conclusive and definitive manner. 50 C.J.S., Judgments, Section 889. However, as noted herein, we are of the opinion that the judgment in the instant case, having been entered pursuant to a final divorce decree, and being of necessity continuing in nature does conclusively and definitively adjudicate the litigation. Though the final judgment was subject to modification, it was never modified. Also, we are aware of authority which takes a view contrary to that expressed in this

opinion. 24 Am. Jur. 2d, Divorce and Separation, Section 980. We believe, however, that the principles enunciated herein reflect the better reasoned view and one which will permit equity to be done. See *Bennett* v. *Bennett*, 137 W. Va. 179, 70 S. E.2d 894 and *Johnson* v. *Muelberger*, 340 U. S. 581, 95 L. Ed. 552, 71 S. Ct. 474.

*Henry* v. *Henry*, 74 W. Va. 563, 82 S. E. 522, relied upon by the defendant, is distinguished from the case at bar and is not controlling. In the words of the Court in *Henry*, the action in the Circuit Court of Mercer County was for "unpaid installments of temporary alimony, ordered to be paid * * * during the pendency of a suit for separation, not divorce, in the Supreme Court of New York * * *." There the alimony payments were temporary, as opposed to permanent; they were to be paid only during the pendency of a suit for separation. Speaking of such payments the Court said: "This is temporary accorded by a mere order." Throughout the opinion the Court spoke of the New York orders as interlocutory and therefore necessarily lacking in finality.

Black's Law Dictionary, Fourth Edition, defines "interlocutory" as follows: "Provisional; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy." The New York order was temporary; it ordered payment between the commencement and end of a suit for separation; it did not decide the whole controversy.

In the instant case, the payments were ordered pursuant to a finally adjudicated divorce proceeding and were in no manner temporary in nature, even though they were subject to modification; they were not payments to be made between the commencement and termination of a suit which was to decide some point or matter. The matter in the instant case was decided by a final judgment. The *Henry* case was decided entirely on the basis of an interlocutory order and is thus distinguished from the case now under consideration.

The defendant contends that the transfer of the case to the Criminal Court of Marion County pursuant to our reciprocal dependency laws affords the plaintiff a complete remedy. There is no merit in this contention. First, there was no transfer of the case from Pennsylvania to West Virginia. The matter is still in the court of the former state. It was transmitted to the Criminal Court of Marion County merely for the purpose of assisting the Pennsylvania Court in the collection of *future* support payments.

Secondly, the instant case involves only arrearages of support money, not future payments. Such arrearages are in no manner before the Criminal Court of Marion County. Thirdly, the remedies provided in our reciprocal dependency laws are in addition to and not in substitution for any other remedies. Code, 1931, 48-9-3, as amended. See *Helgesson* v. *Helgesson*, 196 F. Supp. 42.

Finally the trial court held that it does not have jurisdiction to render a judgment for the plaintiff against the defendant based upon arrearages accrued under the order of the Pennsylvania court. In view of the broad scope of jurisdiction accorded circuit courts by our Constitution we cannot agree with said holding. The jurisdiction of circuit courts is expressed in Article VIII, Section 12 of the Constitution of West Virginia in the following language: "They shall, except in cases confined exclusively by this Constitution to some other tribunal, have original and general jurisdiction of all matters at law where the amount in controversy, exclusive of interest, exceeds fifty dollars * * *." This being a matter at law, we are of the opinion that the circuit court of Marion County clearly is afforded the jurisdiction to act.

The judgment of the Circuit Court of Marion County is reversed and the case is remanded to that court for disposition in accordance with the principles set forth in this opinion.

*Reversed and remanded.*

BROWNING, JUDGE, dissenting:

I respectfully dissent from the decision of the Court

in this case and will briefly state my reasons therefor. The facts are fairly stated in the majority opinion. While the Court has attempted to distinguish this case from *Henry* v. *Henry*, 74 W. Va. 563, 82 S. E. 522, it is my opinion that the facts herein when applied to the Pennsylvania law provide that any order made "for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of arrearages, as the case may warrant." Penn. Stat. Ann. Title 17, ch. 3, § 263 (1962). The Pennsylvania court has held that "orders in nonsupport cases have never been regarded as final. . . ." *Commonwealth ex rel. Barnes* v. *Barnes*, 140 Pa. Super. 397, 14 A.2d 164, and cases cited therein. In 50 C.J.S., *Judgments*, Section 889, at 478, it is clearly stated that: "A final judgment rendered by a court of a sister state is entitled to full faith and credit, and, in order to be entitled to recognition and enforcement under the full faith and credit clause of the federal Constitution, or as a matter of comity, the judgment must be a final judgment adjudicating the litigation in a conclusive and definitive manner." The applicable law is as clearly stated in 24 Am. Jur. 2d, *Divorce and Separation*, Section 980, which states in part that: "[T]he full faith and credit clause does not require the enforcement of arrears of alimony or child support, where the court which rendered the judgment has a discretion to modify it *retrospectively*," (Emphasis added). In the *Henry* case this Court said that if an order in the courts of New York "is subject to complete vacation or modification, so as to destroy the apparent right to the alimony already accrued under it, in whole or in part, no other court is bound to enforce it, or could do so consistently with sound legal principles." That is exactly what the law of Pennsylvania is regardless of what the law in the State of New York may have been as was applied in the *Henry* case.

I would affirm the judgment of the Circuit Court of Marion County.