# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**AMANDA S.,**
**Respondent Below, Petitioner**

**v.)  No. 24-ICA-512**    (Fam Ct. Boone Cnty. Case No. FC-03-2024- D-90)

**DANIEL S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda S.[1] ("Wife") appeals the Family Court of Boone County's December 2, 2024, final divorce order that granted Respondent Daniel S.'s ("Husband") petition for divorce.[2] Husband filed a response in support of the family court's order. Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and the case is remanded with instructions consistent with this decision.

The parties were married in 2014 in Boone County, West Virginia. One child was born during the marriage, who has special needs. A brief history of the parties' relationship is relevant to this appeal. Wife and the child moved from Boone County, West Virginia to South Carolina in July of 2021 in order to obtain better services for the child's disability. Husband moved to South Carolina in October of 2021 to be with Wife and child, and immediately started working as a crane operator with South Carolina Ports Authority.

In December of 2022, Husband filed a petition for divorce in Boone County, West Virginia, where he filed a verification swearing that the facts in his petition were true. In

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Wife is self-represented. Husband is represented by Steven M. Thorne, Esq.

1

this 2022 divorce petition, Husband stated that the parties last cohabited as Husband and Wife in October 2020 in Wood County, West Virginia, that Wife lived in Mt. Pleasant, South Carolina, and that he lived in Boone County, West Virginia. Husband's financial statement asserted that he was employed by South Carolina Ports Authority in Mt. Pleasant, South Carolina, working as a crane operator making $7,000 per month, and that he had worked there since October of 2021. On March 6, 2023, three months after Husband filed his divorce petition, the family court entered a dismissal order, prepared by Husband's attorney, granting Husband's request to dismiss the divorce action due to the parties' reconciliation.

On June 24, 2024, a little over a year after the parties reconciled, Wife initiated divorce proceedings in South Carolina, alleging adultery. Among other things, Wife's petition asked the South Carolina court to equitably distribute the parties' marital home, personal property, and debts. She also requested spousal support and child support, asserting that Husband was the sole provider, that she lived with her mother and child, and that she could not work due to the child's special needs. Wife contended that she did not have access to the parties' marital funds. Wife also filed a motion for temporary relief. On July 12, 2024, Husband filed for divorce in Boone County, West Virginia, alleging irreconcilable differences and cruel and inhuman treatment.

On August 5, 2024, the South Carolina court held an initial hearing on Wife's divorce petition and motion for temporary relief, where both parties were present. On August 26, 2024, the South Carolina court entered a temporary order from that hearing finding that Wife and the child moved to Charleston, South Carolina in July of 2021, and that Husband moved to South Carolina to be with them in October of 2021. The court also found that the parties last lived together as husband and wife in Charleston, South Carolina in March of 2023, and explained that although Husband moved back to West Virginia in March of 2023, the parties maintained their relationship after he moved. The court found that the parties separated on May 12, 2024, and that it had proper personal and subject matter jurisdiction over the parties and the matters involved. The South Carolina court stated that Husband informed the court that he had filed for divorce in West Virginia on July 25, 2024. However, the South Carolina court specifically found that it, and not West Virginia, had jurisdiction. The South Carolina court then allocated parenting time, awarded Wife the sole use and control of the residence, awarded Wife the sole use and ownership of her vehicle, and awarded Husband the sole use and ownership of his vehicle. The court restrained the parties from incurring additional debt and obligations for which the other could be held liable, and restrained them from disposing of marital property without a written agreement. The court ordered Husband to pay Wife $2,000 per month for unallocated support and warned Husband not to voluntarily take a job to make less income.

The South Carolina court held all other issues in abeyance, appointed a mediator, and scheduled mediation to occur before December 3, 2024.[3]

On August 30, 2024, after the South Carolina court entered its temporary divorce order, Husband filed an Amended Petition for Divorce in West Virginia. On October 7, 2024, Wife was served with Husband's Amended Petition for Divorce. On October 8, 2024, Wife filed the South Carolina temporary divorce order with the West Virginia family court. On October 16, 2024, Wife filed a statement asserting that the South Carolina court had already ruled on jurisdiction and that it was nearly impossible for her to travel to West Virginia because of the child's disability.

On October 21, 2024, the family court scheduled a hearing on the divorce petition for November 20, 2024. The notice of hearing was titled as "Notice of Hearing on Petition for Divorce" and stated that "a hearing will be held in the above-captioned matter on the 20th day of November 2024[.]" On November 18, 2024, Wife filed a statement requesting a continuance and to appear by telephone along with various filings from the South Carolina case. Wife further stated that she had not lived in West Virginia for years and was unable to appear at the hearing because she had full custody of their disabled child and had limited childcare and funding.

On November 19, 2024, the family court granted Wife's motion to appear telephonically but was silent regarding her request for a continuance. The court's order stated that "the motion to appear by phone for all hearings are [g]ranted." On November 20, 2024, the family court held the divorce hearing.[4] To begin, the court inquired about jurisdiction due to the pending South Carolina divorce proceeding. Counsel for Husband stated that Husband had never resided in South Carolina with Wife and had always remained a resident of West Virginia. In support of this assertion, counsel contended that the parties last lived together as husband and wife in Wood County, West Virginia and separated in October of 2020. Counsel stated that the South Carolina court only had jurisdiction regarding custody issues and jurisdiction for the divorce was proper in West Virginia.

Wife objected to counsel's proffer that Husband had never lived in South Carolina. She testified that they lived together in South Carolina until he moved back to finish building their home in West Virginia. Wife also objected to the family court's jurisdiction over the divorce. She testified that Husband had already argued the issue of jurisdiction in South Carolina. Wife testified that South Carolina had already told Husband that West

---

[3] Pursuant to Rule 3 of the South Carolina Alternative Dispute Resolution Rules, generally, all contested divorce actions are subject to court-ordered mediation.

[4] The court stated that the hearing was for the divorce action and domestic violence action, both filed by Husband.

Virginia did not have jurisdiction over the matter and scheduled a mediation for the divorce to occur in December of 2024. Wife testified that she filed for divorce in South Carolina because of Husband's adultery. Counsel for Husband argued that the South Carolina court's order only discussed custody issues, and that Husband agreed that South Carolina had jurisdiction over the child. The family court agreed, stating that it read the South Carolina order, and it only referenced custody.

The family court then inquired about Wife's failure to file an answer to Husband's divorce petition. Wife testified that she did not file an answer because the South Carolina court "shut down" Husband's argument about jurisdiction by specifically telling him that it, and not West Virginia, had jurisdiction. Wife further contended that due to the South Carolina court's statements, she did not believe the family court could rule on the matter. Because Wife had not filed an answer or counterclaim, and objected to the divorce being granted in West Virginia, the family court stated that it could not grant a divorce on irreconcilable differences and that Husband would have to seek relief through cruel and inhuman treatment.[5] The family court then heard testimony and argument regarding cruel and inhuman treatment.

At the conclusion of the hearing, the family court found that Husband had proved cruel and inhuman treatment and granted the divorce. On December 2, 2024, the family court entered a final order of divorce that ruled on property, retirement, and denied Wife spousal support. It is from this order that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, the central legal issue presented in this case is whether the South Carolina temporary divorce order is entitled to full faith and credit in West Virginia. Wife contends that the family court violated the full faith and credit clause by disregarding the

---

[5] West Virginia Code § 48-5-201 (2001) provides, in part, that "[t]he court may order a divorce if the complaint alleges that irreconcilable differences exist between the parties and an answer is filed admitting that allegation."

4

South Carolina temporary order, which concluded that West Virginia did not have jurisdiction in the divorce proceeding months before the family court entered its final divorce order.[6] We agree.

We begin by observing how the SCAWV has consistently granted full faith and credit to the judgment of a sister state under the following principles:

> "I. Under article IV, § 1, of the *Constitution of the United States,* a valid judgment of a court of another state is entitled to full faith and credit in the courts of this state.

> "II. 'Full faith and credit must be given to the judgment or decree of a sister-state if it is not successfully attacked on jurisdictional grounds.' Point IV, Syllabus, *Brady v. Brady,* 151 W.Va. 900, 158 S.E.2d 359 (1967).

> "III. By virtue of the full faith and credit clause of the *Constitution of the United States,* a judgment of a court of another state has the same force and effect in this state as it has in the state in which it was pronounced."

*Lemley v. Barr*, 176 W. Va. 378, 382, 343 S.E.2d 101, 105 (1986) (citing Syl. Pts. 1-3, *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968).

In *Lemley*, the SCAWV said that a foreign judgment must be enforced unless the court rendering that judgment lacked jurisdiction. *Id*. "Unless a foreign state exceeds its powers under the *Constitution of the United States,* the law of the foreign state governs the determination of whether the court of a foreign state has jurisdiction." *Id*. (citation omitted). Pursuant to South Carolina Code § 20-3-30 (1987), a plaintiff must have lived in South Carolina for a year before a divorce action can be filed.[7] Based on the record, it is

---

[6] Generally, while judgments entitled to protection under the full faith and credit clause are final judgments, the Supreme Court of Appeals of West Virginia ("SCAWV") has explained that "[c]ourts should be concerned with substance, not mere form." *Hill v. Hill,* 153 W. Va. 392, 398, 168 S.E.2d 803, 807 (1969). In *Hill*, the husband argued that a Pennsylvania order was not entitled to full faith and credit because the order was not final. *Id*. The SCAWV disagreed and reasoned that the full faith and credit clause is bounded by policy and not unrelated procedural considerations; questions of 'finality' in domestic relations cases are irrelevant in deciding the respect to be accorded by one state to another state's valid order. *Id*.

[7] South Carolina Code § 20-3-30 (1987) states in pertinent part that,

5

uncontested that Wife has lived in South Carolina since July of 2021.[8] Thus, the law of South Carolina determines the validity of the South Carolina court's jurisdiction.

In *Sheila L. v. Ronald P.M.,* 195 W. Va. 210, 216, 465 S.E.2d 210, 216 (1995), the SCAWV said that "[j]urisdictional issues can be challenged to the extent they were not fairly litigated in the sister state." Indeed, in *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525 (1931), the United States Supreme Court ruled that a judgment was res judicata because "those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." In this case, at the initial divorce hearing in South Carolina, Husband objected to South Carolina's jurisdiction on the basis that he had filed for divorce in West Virginia. When the South Carolina court rejected his argument and ruled that it, and not West Virginia, had jurisdiction over the matter, Husband did not appeal. Rather, he disregarded South Carolina's ruling and proceeded with his divorce action in West Virginia by filing an amended divorce petition in family court three weeks after the entry of the South Carolina order.

Below, the family court found that South Carolina's order primarily addressed custody issues.[9] However, upon review, South Carolina's order also awarded Wife the

---

In order to institute an action for divorce from the bonds of matrimony the plaintiff must have resided in this State at least one year prior to the commencement of the action or, if the plaintiff is a nonresident, the defendant must have so resided in this State for this period[.]

[8] Although Husband's counsel argued before the family court that the parties last lived together as Husband and Wife in October of 2020 and that Husband never resided in South Carolina with Wife, Husband's tax returns, car insurance, and pleadings represented that he resided at the same address as Wife in Mount Pleasant, South Carolina. Further, the dismissal order entered by the family court in the first divorce proceeding in 2023 and prepared by Husband's attorney stated that the parties had reconciled. Also, Husband's financial statement indicated that he worked for South Carolina Ports Authority as a crane operator in Mt. Pleasant, South Carolina, from October of 2021 through March of 2023.

[9] Pursuant to the Uniform Child Custody and Jurisdiction and Enforcement Act:

[A] court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under 20-207.

temporary use and control of her residence, awarded the parties the temporary use, possession, and ownership of their vehicles, prohibited the parties from disposing of marital property, prohibited the parties from incurring debt, prohibited Husband from taking a job to make less income, ordered Husband to pay monthly unallocated support to Wife, ordered mediation as required in all contested divorce actions pursuant to the South Carolina Alternative Dispute Resolution Rules, and held all other issues that were not addressed in abeyance. It is clear that South Carolina's order encompassed all aspects of divorce and was not limited to custody. As such, we conclude that the South Carolina order's jurisdictional ruling pertained to the entire divorce proceeding. Thus, we find that because the issue of jurisdiction was raised by Husband before the South Carolina court, he was precluded from raising that issue again in West Virginia.

Additionally, the SCAWV has previously determined that when there is litigation on the same subject between the same parties pending in another state, our courts should not consider the matter until the proceedings in the other state are resolved. *See Morris v. Est. of Morris*, No. 15-1035, 2016 WL 6678988, at *5 (W. Va. Nov. 14, 2016) (memorandum decision) (affirming dismissal of West Virginia proceeding based on pending New Jersey proceeding involving the same matter); *see also Edrey O. v. Meilyn O.*, No. 24-ICA-111, 2024 WL 5002532, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (noting that comity principles permitted the West Virginia court to dismiss a divorce petition based upon the existence of a pending divorce action in Texas). For example, in *Berger v. Berger*, 177 W. Va. 58, 350 S.E.2d 685 (1986), a husband filed for divorce in West Virginia after his wife had already initiated divorce proceedings in a sister state. The SCAWV found that the lower court erred by hearing the West Virginia divorce proceeding "because there was then pending a proceeding on exactly the same subject between the same parties in North Carolina." *Id*. at 60, 350 S.E.2d at 687.

Likewise, in the case at bar, the divorce proceeding was already pending in South Carolina when Husband filed for divorce in West Virginia. Moreover, the South Carolina court had already entered a temporary order regarding custody, some marital property, and some separate property before the family court held its first and final hearing in the matter. Further, a mediator had already been appointed in the South Carolina divorce proceeding and the mediation was scheduled to take place before December 3, 2024. There was no evidence that the South Carolina action had been terminated or stayed. Rather, the record clearly shows that the South Carolina proceeding was ongoing. "As such, a redundant proceeding in West Virginia would not be judicially economical and could produce contradictory results." *Morris*, 2016 WL 6678988 at *5. As the SCAWV long ago explained,

---

W. Va. Code § 48-20-206(a).

Whether denominated reciprocity, comity, or necessity, the principle is imperative, because [it is] essential to the orderly administration of justice. It avoids the conflict, confusion, and imposition that inevitably may follow or result from the encroachment by one court upon the jurisdiction of co-ordinate tribunals assuming to act in the same matter, whether they be within the same or different state governments. Necessarily any other course may, and often would, produce unjust, if not disastrous, results, rather than promote that justice which courts are ordained to administer. *Whan v. Hope Natural Gas Co.*, 81 W.Va. 338, 342, 94 S.E. 365, 367 (1917).

*Id.*

Based on the foregoing, we conclude that the family court erred in relitigating the previously decided issue of the jurisdiction of South Carolina as Husband was precluded from raising the issue in West Virginia and because of the comity principle outlined in *Berger*.[10]

Accordingly, we reverse the Family Court of Boone County's December 2, 2024, final divorce order and remand with directions for the family court to give full faith and credit to the South Carolina order by entering an order dismissing the proceeding, consistent with this decision.

Reversed and Remanded, with instructions.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[10] As our decision is dispositive of the matter, we decline to address Wife's remaining assignments of error, as they are rendered moot by our determination.