# CHARLESTON.

BLUMBERG BROTHERS COMPANY *v.* ANNA R. KING *et al.*

(No. 5186.)

Submitted February 3, 1925.    Decided February 24, 1925.

1.  ABATEMENT AND REVIVAL—SUBROGATION—*Suit by Surety to Enforce Judgment Paid by Him Against Lands of Principal Debtor is Judgment Creditor's Suit, Entitled to Precedence Over Subsequent Suit of Another Judgment Creditor; Other Judgment Lienors Should be Required to Come into Judgment Creditor's Suit by Surety, to Enforce Judgment Paid by Him Against Lands of Principal Debtor.*

    A suit by one claiming as surety and the right of subrogation to enforce a judgment paid by him, against the lands of the principal debtor, is a judgment creditors' suit, and should be given precedence over the subsequent suit of another judgment creditor to enforce against the same lands his judgment, and the other judgment lienors should be required to come into the first suit to enforce their liens. (p. 280.)

    (Abatement and Revival, 1 C. J. § 93; Subrogation, 37 Cyc. p. 389.)

2.  SAME—*Pendency of Prior Suit to Enforce Judgment May Be Pleaded in Bar or Abatement of Second Suit.*

    The reason for the general rule prescribed by section 7, chapter 137 of the Code, which is also the general rule of equity

practice, is to avoid vexatious suits and unnecessary costs, and the pendency of the prior suit may be pleaded in bar or abatement of the second suit.   (p. 281).

(Abatement and Revival, 1 C. J. § 38.)

3. CREDITORS' SUIT—*It is sufficient if Creditors Suing to Enforce Judgment Against Land Represent Same Interests.*

In the application of said rule, the plaintiffs need not be the same; it is sufficient if they represent the same interests. (p. 281).

(Creditors' Suits, 15 C. J. § 114.)

4. ABATEMENT AND REVIVAL—*Error, if Any, in Refusing to Abate Second Suit to Enforce Judgment Lien Because of Dismissal of First Suit on Merits, is Waived by Prosecution to Final Decree.*

If, after a second suit is brought to enforce a judgment lien, the first suit is ordered to be heard along with it, and pending both suits, the judgment debtor defends the first suit and procures it to be dismissed on its merits, and from which decree no appeal is taken, and the second suit is prosecuted to final decree on the bill and commissioner's report, the error in the decree, if any, in refusing to abate the second suit, will be deemed to have been waived.   (p. 282).

(Abatement and Revival, 1 C. J. § 152.)

5. CREDITORS' SUIT—*Third persons, Parties to Joint Judgments Against Judgment Debtor, Should be Parties to Consolidated Judgment Creditors' Suit.*

Where in judgment creditors' suits, consolidated or ordered to be heard together, as in this case, there are joint judgments against the judgment debtor and third persons, such third persons should be made parties defendant and served with process, and until then it is error to direct an order of reference or to take any other steps in the cause affecting their interests.   (p. 282).

(Creditors' Suits, 15 C. J. § 117.)

6. EQUITY—*Defendant May File Answer to Bill Any Time Before Final Decree.*

By section 53, chapter 125 of the Code, defendant may of right file his answer to a bill at any time before final decree, and the court may not properly limit that right by any rule or order made in the cause.   (p. 284.)

(Equity, 21 C. J. §549.)

7. CREDITORS' SUIT—*On Showing by Answer and Affidavit That Rights of Other Parties Should Be Adjudicated in Judgment*

*Creditors' Suit, Answer Should Be Filed and Parties Brought to Issue Thereon Before Final Disposition of Cause.*

And when in such suit it is made to appear by such answer and an affidavit filed therewith, that other suits are pending in the same court, involves rights and interests of the parties necessary to be adjudicated before a final disposition of the cause, and that other rights have intervened since the execution of the order of reference, which should be inquired into, and constituting grounds for affirmative relief, such answer should be filed and the parties brought to issue thereon before a final disposition of the cause. (p. 285).

(Creditors' Suits, 15 C. J. § 111 [1926].)

8. EQUITY—*Rule Permitting Rejection of Amended Answer Should Not Be Enforced Against Such Answer Setting Up Matters Calling for Affirmative Relief.*

The rule justifying the rejection of an amended answer being purely technical and not requiring strict enforcement, should not be enforced against an amended answer which sets up matters calling for affirmative relief in whole or in part, or where the matters set up therein are such that the court should have before it in order to a fair determination of the controversy. (p. 287).

(Equity, 21 C. J. §420.)

9. ACTION—*When Stay of Proceedings Will Be Ordered Awaiting Another Suit Stated.*

Where the judgment or decree in another suit will be decisive, and a stay of proceedings is essential to justice, it will be ordered in conformity with section 6 of chapter 136 of the Code. (p. 287).

(Actions, 1 C. J. §420.)

10. CREDITORS' SUIT—*Evidence Necessary to Warrant Commissioner to Whom Suit is Referred to Report Liens on Debtor's Property Stated; Transcripts of Judgments Lodged with Commissioner to Hear Suit, Without Further Evidence, are not Sufficient Evidence of Amounts Remaining Due Thereon.*

To warrant a commissioner in chancery to whom a creditors' suit has been referred, in reporting the liens on the debtors' property he must have legal proof thereof, and of the amounts remaining due thereon, at the time of his report; and transcripts of judgments lodged with him by attorneys, without further evidence, will not constitute sufficient proof of the amounts remaining due thereon. (p. 288).

(Creditors' Suits, 15 C. J. § 158 [1926 Anno].)

11. SAME—*Decree to Sell Land of Judgment Debtor Should Not Be Had Until all Liens Thereon and Their Amounts and Priorities Have Been Found.*

There should be no decree to sell the lands of a judgment debtor until all liens thereon and their amounts and priorities have been found and adjudicated. (p. 289.)

(Creditors' Suits, 15 C. J. § 167.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Lewis County.

Suit by the Blumberg Bros. Company against Anna R. King and others. From a judgment for plaintiff, defendant named appeals.

*Reversed and remanded.*

*Herbert M. Blair,* for appellant.

*Charles P. Swint,* for appellee, Blumberg Bros. Co.

*Edward A. Brannon,* for appellees, M. H. Pickering Co., H. G. Wilson, Martin J. Burnside.

MILLER, JUDGE:

This suit was brought to September rules 1922, by plaintiffs, on behalf of themselves and all other alleged lien creditors of Anna R. King, who were made defendants to the bill and either served with process or proceeded against by publication, except J. R. Burkhammer, C. L. Bond and H. G. Wilson, resident defendants not served with process, but against whom no allegations were made or relief sought.

Prior to the institution of this suit, namely, on August 4, 1921, Martin J. Burnside, claiming the right of subrogation as an alleged surety for said Anna R. King, and accommodation maker of two notes upon which the Lewis County Bank, on July 16, 1921, had recovered a judgment against them jointly, aggregating $1,583.03, with interest and costs, and which had been paid by him, brought his suit against said King, on his own behalf and on behalf of all her other unsatisfied creditors, making them parties thereto, and setting forth in his bill the nature and amounts of their liens, the real estate owned by said King, and seeking a sale thereof to satisfy the same, and for general relief.

Mrs. King appeared and demurred to and answered Burnside's bill, July 18, 1922, in which answer she denied that Burnside was the accommodation maker of said notes, and the other notes made by him and held by said bank, but on the contrary that he was the principal therein and had executed the same to her for the consideration set forth in her answer, and was therefore not entitled to such subrogation or to enforce said judgment, or any judgment that might be rendered against him and her on the other notes referred to, and that so far as not paid by him, said judgments and debts should be enforced against him and his lands to the exoneration of her real estate.

On November 1, 1922, after the filing of the bill in the Blumberg Brothers Company suit, at September rules 1921, and before any proceedings thereon appear to have been taken, Mrs. King appeared and filed her plea in bar or abatement, that at the time said suit was brought, the Burnside suit, a general creditor's suit, had been instituted and was then pending, the object whereof was the same as that of the Blumberg Brothers Company suit, namely, to convene her creditors and subject her lands to the payment of their judgments, and that in equity and by virtue of the statute, section 7, chapter 139 of the Code, said second suit should be abated, and the first suit proceeded in to final decree.

On the hearing of said plea, and the objection of the plaintiff thereto that it was not filed in time, the court was of opinion that the plea was filed in time, and overruled the objection to the filing thereof. But upon consideration of said plea and the bill and answer in the Burnside suit, tendered by said King in support of her plea, the court was of opinion and found that the parties to said two suits were different and the relief prayed for different, and that said suit should not abate, but that the two suits should be heard together, and that there should be a reference to a commissioner in the Blumberg Brothers Company suit, which reference was then objected to, upon grounds assigned by said King. Accordingly the court then decreed that said suit of Blumberg Brothers Company do not abate, but that the two suits should be heard together, and that the suit of M.

J. Burnside against Mrs. King and others was pending and undetermined on issues presented by her answer to the bill therein; and that the present suit be referred to the commissioner named, to take and state an account of the lands of defendant King, the liens thereon, and the amounts and priorities thereof. And leave was given to said Anna R. King and any of the other defendants to answer said bill, which they might do before the commissioner should proceed to execute the order of reference.

In the commissioner's report he says he fixed January 22, 1923, at his office, as the time and place to execute said decree, and that the proceedings were thenceforward regularly adjourned and continued until his report was completed, which he says was on February 21, 1923, and which was filed March 3; 1923. We will have occasion to refer again to this report and the proceedings thereunder, in disposing of the exceptions of the defendant King thereto. It is pertinent to say that the proceedings before the commissioner were very limited. The deposition of but few witnesses were taken. The parties seem to have been mainly taken up with the issues presented in the Burnside suit. After the commissioner's report was filed in the other case, it remained dormant until a few days after the court had taken up independently and finally disposed of the Burnside suit, on March 3, 1923, the decree in that case adjudging that plaintiff was not entitled to the relief prayed for, and that his bill be dismissed, and that defendant Anna R. King recover her costs incurred and expended therein.

In the present appeal the first point of error urged by appellant is the overruling of her plea in abatement and ordering the two causes to be heard together. In our opinion the Burnside suit was a judgment creditor's suit, and being first in time, was entitled to precedence over the second suit. Burnside claimed the right of subrogation to the judgment of the Lewis County Bank and the right to enforce that lien against the lands of Mrs. King. True, he also claimed the right to an accounting as to the other notes held by said bank, but his main purpose was to enforce the judgment paid by him; and in that suit he also interpleaded the

other lienors having judgments, deeds of trust, or other liens, upon said lands; so that the objects of the two suits, so far as he and the other creditors were concerned, were to that extent one and the same. Section 7 of chapter 139 of the Code says: ''If after the commencement of such suit, any lien holder commence any other suit or proceeding in or out of court to enforce a lien claimed by him on the real estate, or any part thereof, of the judgment debtor, upon which a lien is sought to be enforced by such suit, the court, or the judge thereof in vacation, may enjoin him from so doing, and require him to come in and assert his lien in such suit, or make such order or decree in relation thereto as to such court or judge may seem right and proper to protect the interest of all parties having such liens.'' Independently of this statute it is a general rule applicable both at law and in equity, that the pendency of another suit between the same parties and in the same jurisdiction, with the same object, may be pleaded in abatement of the second suit. 1 Hogg's Eq. Proc. (Carlin's Ed.) §310, and cases cited. The statute gives the remedy of injunction also, or by an order as provided therein.

The reason for this general rule, as well as for that prescribed by the statute, is the same, namely, to avoid vexatious suits and unnecessary costs. And under certain circumstances the pendency of the former suit may be pleaded in bar or abatement. 1 Hogg's Eq. Proc. §311; *Foley* v. *Ruley*, 43 W. Va. 513. As already observed the court below was of the opinion that the parties and the objects of the two suits were not the same. We think the objects were substantially the same.

Under the statute the plaintiffs need not be the same; it is sufficient if they represent the same interests. *McAllister* v. *Harman*, 97 Va. 543, 548, and cases cited. The plaintiff in a judgment creditor's suit represents the interests of all. He brings his suit, as in the first suit in this case, on behalf of himself and all other creditors having liens on the property sought to be sold to satisfy such liens. The whole purpose of the second suit before us was obtainable in the first

suit. This was sufficient to answer the requirements of the general rule and the statute.

But the facts in the case as now presented involve a new proposition. No one complains of the ruling of the court on the plea in abatement except the defendant King. The causes were ordered to be heard together, and when we look to the record, we find that the parties spent most of their efforts, after the order of reference, on the issues raised in that case, but affecting the rights of all, as to whether Burnside was entitled to subrogation as surety, as alleged, or was himself the principal debtor; and that suit on pleadings and proofs was disposed of by the final decree therein, which dismissed the plaintiff's bill and put him out of court. The decree in that case has not been appealed from, and the statute of limitations would now bar any appeal therefrom. As the defendant did not follow up her plea and procured the dismissal of the bill in the first suit, and the cause proceeded, as shown, on the second bill, we think there was no reversible error in the subsequent decrees and proceedings so far as the rulings on the plea are concerned.

The next proposition relied on for reversal, is that the order of reference in the present suit was premature, because not matured against the defendants J. R. Burkhammer, C. L. Bond and H. G. Wilson. Burkhammer was made defendant because of a judgment jointly against him and Mrs. King in favor of the Lewis County Bank for $53.87 and costs; Wilson, because he was plaintiff in a judgment in his favor against Mrs. King, for $257.10 and costs; Bond, because of a judgment recovered against Mrs. King and him, by the Lewis County Bank. It appears that neither of these three defendants had been served with process, and for that reason the cause had been continued at rules as to them when the order of reference was made. It is true their lands were not proceeded against, and no affirmative relief was being sought against them; only the lands of Anna R. King were involved. But Anna R. King, as the order of reference shows, interposed her objection thereon, on the ground now relied on. Her counsel rely on *Jones* v. *Rose*, 81 W. Va. 177. The proposition in that case is that an objection to

the prematurity of a reference comes too late when made for the first time in the appellate court. Her counsel say that the converse of that proposition must be true also, that if timely objection be made in the court below, it will be availing in the court of appeals. At the time of the order of reference Anna R. King had not answered the bill, but she had demurred to and answered the bill in the Burnside suit, ordered to be heard along with this cause, in which answer she denied the right of the plaintiff to subrogation, or to enforce the judgment recovered against her and him by the Lewis County Bank; and that was one of the issues which must necessarily have been determined by the court in that case before a reference therein would have been proper, and before the rights and priorities of the lien creditors could properly have been adjudicated. Where an answer has been interposed, denying the facts on which plaintiff's rights depend, even in a judgment creditor's suit, an order of reference is premature in advance of proof that plaintiff has an enforceable judgment or claim. *Goff* v. *McBee,* 47 W. Va. 153; *Neely* v. *Jones,* 16 W. Va. 626; *Moreland* v. *Metz,* 24 W. Va. 119.

In *Gall* v. *Gall,* 50 W. Va. 523, it was held that where the bill seeks subrogation to a lien on land, and there are other persons holding liens on the land in conflict with such claim of subrogation, they must be made parties to the bill; and it would seem to follow that if necessary parties, they should be served with process, and brought in, and the suit matured against them before anything is done affecting their interests. Subrogation was not sought in this suit, but in the Burnside suit it was. It is argued on behalf of the plaintiffs in this suit, that no relief was asked against either of the absent defendants not served, and that under the statute they were privileged to come in before the commissioner and prove and have allowed their claims. But in the case of Bond and Burkhammer, they were joint judgment debtors with Anna R. King. Were they necessary parties? In *Norris* v. *Bean,* 17 W. Va. 655, 670, it was held that in a suit of this kind it is the duty of the plaintiff to make, not only all judgment creditors whose judgments appear in the clerk's

office in the counties in which lie the lands he seeks to subject, formal parties defendant; but if any of these judgments are joint judgments against the judgment debtor of plaintiff and third persons, *such third persons* should be made *formal parties to the bill* and served with process, as they evidently have a direct interest that such judgment should be audited in their proper place as to priority, and paid, as they are personally bound to pay them, if not so paid. Bond and Burkhammer both occupy the relationship of such third persons. Appreciating this fact with respect to Burkhammer, but not with respect to Bond, the court below, though he was not before the court, undertook to make a saving in his favor. Timely objection having been made to the order of reference on this ground, we think it was pertinent.

The third ground of error which we will consider is that the court below would not allow the defendant Anna R. King to file what she labelled her amended and supplemental answer to the bill of complaint of Blumberg Brothers Company. This answer was tendered practically at the same time and along with a short but informal answer, for they were both entered or filed by the same order, the final decree appealed from. Along with this answer was filed the affidavit of Mrs. King for a continuance of the cause, setting forth facts relied on by her for such continuance. The court allowed the informal answer to be filed, but rejected the so-called amended and supplemental answer, and refused to continue the cause. With the greatest respect for the opinion of the learned and painstaking trial judge, we are of opinion that such amended and supplemental answer should have been filed. Both answers, tendered at substantially the same time, should have been treated, as they really were, as one answer. The first, as explained in the second, was filed under pressure for time, after it was learned but a few days after the dismissal of the bill in the Burnside suit, that it was proposed to at once insist upon the submission of the second suit, on bill and proceedings before the commissioner, and when it was brought to the attention of counsel that very great injustice would result to defendant should the cause

be disposed of without the facts in the other suit, and the changes which had taken place with reference to the judgments and liens erroneously reported by the commissioner had been thereby brought to the attention of the court. It is true respondent was given leave by the order of reference to file answers before the commissioner at any time before he should proceed to execute said order. But the statute gave him leave to do so at any time before final decree; and the court was without jurisdiction to otherwise limit this right, except that such filing of his answer might not work a continuance of the suit unless good cause should be shown by affidavit filed with the papers therefor. Sec. 53, ch. 125, Code.

In her original answer respondent made a general denial of any indebtedness to the Stevens Organ Company, and alleged that many of the other debts reported and referred to in the bill had been paid. In her amended and supplemental answer she denied the rendition as and when alleged in plaintiff's bill, and for the amounts specified, of valid and binding judgments, in favor of the several persons, firms and corporations alleged, and of the enforceability thereof against her real estate; and she pleaded the absence of defendants not served with process, and the absence of other persons who should be made parties before the rights of any should be finally adjudicated. She alleges that on August 31, 1922, two days before the institution of this suit, on September 2, 1922, Walter M. Brown, made a party defendant to the bill herein, had through the attorney prosecuting this suit, instituted a suit in the same court against Mary Butcher and C. E. Butcher and respondent, to enforce against one of the lots sought to be sold herein and then owned by respondent, a vendor's lien, to which bill respondent had appeared, demurred and made answer, and that proof had been taken therein by both parties; that the amount alleged to be due said Brown was being contested, and an abatement of the purchase money for reasons pleaded was being demanded; and that neither the amount nor the priority of said lien had as yet been adjudicated, though the

commissioner without any evidence before him had undertaken to find and report the amount and priority thereof.

Respondent further denied the allegation of the bill, that she and Burnside were, or ever had been, assignees of C. M. Garrett, of the three several other notes of said Burnside described in the bill and on which two other judgments reported and decreed in favor of the Citizens Bank of Weston, for $1,254.45 and $59.10 respectively, had been recovered. And she alleged that both Garrett and the Citizens Bank of Weston, at the time they respectively took assignments of said notes and judgments, had notice of respondent's rights; that Garrett was a witness for said Burnside in his suit against respondent and others, and in his evidence and otherwise evinced his knowledge thereof, and that in his depositions he had acknowledged that Burnside had promised to pay off these judgments with the proceeds of the sale of respondent's property, which he was seeking in his suit against her. Respondent further represented that the Citizens Bank of Weston had instituted a suit against Burnside and others for the purpose of convening his creditors and subjecting Burnside's lands, particularly described and mentioned in its bill and in her answer, to the payment of said judgments, wherein he was principal and she only surety, and that standing in that relationship on said notes and in said judgment, she alleged she was entitled in a court of equity to have the lands of said Burnside, so being proceeded against by said bank and particularly mentioned and described in her answer, first sold in exoneration of her lands and property; and she prayed that she might be relieved accordingly.

She further alleged that she has fully paid off the judgment reported and decreed in favor of the Smith-Grant Company, and filed with her answer the release thereof.

The further prayer of respondent's bill was that the Brown suit for purchase money, and the Citizens Bank of Weston suit, might be treated as a part of her answer and those suits proceeded with to final decision, and until they were finally adjudicated, this suit might be suspended and no sale of her property had, and for general relief.

The question recurs, should this answer have been rejected? We are of opinion that its allegations presented equitable defenses. The admitted status of the Brown suit, the question of the relationship of Burnside and Mrs. King to the notes and judgments held by the Citizens Bank, and the equities between them, and of the rights of Mrs. King, if any, to have the lands of Burnside first sold in exoneration of her real estate to pay said judgments, involved in the other pending suits pleaded in said answer, would seem to render it necessary that all of said other causes should be heard along with this suit or first disposed of, before a final decree is entered herein.

The rule justifying the rejection of an amended answer is purely technical and is not one requiring strict enforcement. The bill was not sworn to, and it was not required that the answer be sworn to. Besides, the rule does not apply to an answer setting up facts for the purpose of seeking affirmative relief. 1 Hogg's Equity Proc. (Carlin's Ed.) §§450, 542-3, and cases cited. *Depue* v. *Sergent,* 21 W. Va. 326, 344. The matter of amendment is so much in the discretion of the court, that it may permit an answer to be amended after the decision of the cause. So held in *Arnett* v. *Welch,* 46 N. J. Eq. 543. In the case of *State* v. *Central Pocahontas Coal Company,* 83 W. Va. 230, we said that when the matter set up in an amended and supplemental answer "is such as the court should have before it in order for a fair determination of the controversy, such amendment will be allowed." Our statute, section 6, chapter 136, provides that: "Whenever it shall be made to appear to a circuit court, or to a judge thereof in vacation, that a stay of proceedings in a case therein pending, should be had, until the decision of some other action, suit or proceeding in the same, or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order." And in *Keenan* v. *Scott,* 78 W. Va. 729, we said that when the judgment or decree in another suit will be decisive, and a stay of proceedings essential to justice, it will be ordered as provided by the statute.

In holding that the court should have allowed appellant's amended and supplemental answer to be filed, we do not wish to be understood as intimating any opinion on the merits of the issues presented therein, or in the several suits and proceedings referred to therein. Our point of decision is that the disposal of the questions therein are necessary to any final adjudication of the rights and priorities of the several creditors impleaded herein. We decided in *Harrison* v. *Harman*, 85 W. Va. 538, that: ''Where several causes materially affecting the same subject matter have been consolidated and heard together and it appears that several issues are therein raised, some between the plaintiff and a number of the defendants and others between co-defendants, all affecting plaintiff's rights, which have not been fully developed, and it appears that evidence exists to establish such issues, and the court enters a final decree for plaintiff without passing on many of such issues, except inferentially, this court will not review the decree upon its merits, but will reverse it solely because prematurely entered and remand the cause for further proceedings.'' We thing this principle applicable to the present suit.

Another point of error is that the commissioner erred in reporting the several liens on appellant's property without any, or with inadequate proof thereof, and that appellant's exceptions to his report should have been sustained as to all liens and judgments not so supported by proof. No witness proved the Brown Lien for purchase money. The judgment in favor of the Richmond Phonograph Company was proved by the deposition of Robert Bland; and the two judgments in favor of the Citizens Bank of Weston were attempted to be proved by T. A. Whalen. But as to certain of the other judgments reported, the commissioner reported that transcripts thereof were filed before him by certain attorneys, but their depositions were not taken, nor was any evidence offered as to what amount, if anything, remained due thereon. The amended answer of Mrs. King alleges as to some of them, that they were paid or partially paid. The bill makes no allegation as to the amounts due on the judgments not so proven. None of these judgment creditors answered

the bill.  In *Armstrong, Crislip, Day & Co.* v. *Painter,* 75 W. Va. 393, we held that: "In a lien creditors' suit under the provisions of section 7, chapter 139, Code, claimants of liens who have not asserted their claims by pleadings of any kind, whether formal parties or not, must, in order to have their claims allowed and provided for in the decree, appear and prove them." To justify the finding of facts by the commissioner, he must have evidence on which to base it. *Haymond* v. *Murphy,* 65 W. Va. 616, 621; *Tompkins v. Kyle,* 95 W. Va. 584; *Highland, Receiver,* v. *Ice,* 75 W. Va. 513.

For the reasons given and because of the present status of the several suits referred to and pending, involving rights of the parties, we think the report of the commissioner should have been set aside, and at the proper time recommitted to him.  To hold otherwise would be to ignore a well settled rule of practice in this state, that real estate should not be sold until all liens thereon and their priorities have been fixed and determined.  *Scott* v. *Ludington,* 14 W. Va. 387, 395; *Marling* v. *Robrecht,* 13 W. Va. 440; *Sandusky* v. *Faris,* 49 W. Va. 150; *Carter* v. *Carter,* 83 W. Va. 312.

We are of opinion to reverse the decree and remand the cause.

*Reversed and remanded.*