350 S.E.2d 685

**Martin BERGER**

v.

**Linda A. BERGER.**

No. 16769.

Supreme Court of Appeals of West Virginia.

June 4, 1986.

Rehearing Denied Dec. 18, 1986.

Preiser & Wilson, Charleston, James A. McKowen, Laurie J. Garrigan, Timothy E. Huffman, for appellant.

Lovett, Vaughan & Cooper, Charleston, Chester Lovett, Henry R. Glass, III, for appellee.

NEELY, Justice:

No better example can be found of the legal chaos that prevails in the United States as the result of fifty conflicting state jurisdictions than the case now before us. The sole question fairly raised on this appeal is whether the Circuit Court of Kanawha County should stay its proceedings in a divorce case under *W.Va.Code* 56–6–1 [1923] when there are proceedings on the same subject and between the same parties pending in Virginia and North Carolina. We find that the circuit court erred by not dismissing the complaint under *W.Va.Code* 56–6–1 [1923] and we reverse.

This tumultuous divorce involves a substantial amount of money. Martin Berger, the plaintiff below, and Linda Berger, the defendant below, were married in New York in 1960. They lived in New York, and briefly in Washington, D.C., until January, 1977 when they moved to Dare County, North Carolina. Mr. Berger engaged in the real estate business in North Carolina and in other states. In 1978, the parties bought an additional family house in the Commonwealth of Virginia where Mrs. Berger moved with the couple's three children to allow the children to attend private school in Virginia. Mr. Berger spent most of his time in North Carolina and Mrs. Berger and the children came to North Carolina on weekends and during the summers.

In 1982, Mrs. Berger sued for divorce in Virginia on the grounds of abandonment, and asked for custody of the children, alimony and child support. In a hearing before the Circuit Court of the City of Norfolk on 23 March 1982, Mr. Berger testified that he was not a resident of the Common-

wealth of Virginia but rather a resident of the State of North. Carolina. After that hearing, the court ruled that proper service had not been made upon Mr. Berger because he was not a Virginia resident and the case was dismissed.

As a result of the Virginia court's dismissal of Mrs. Berger's first complaint, two new actions were filed by Mrs. Berger—one in Virginia and the other in North Carolina. *Linda Cornman Berger v. Martin Berger*, Chancery No. C82–1309, was filed in the City of Norfolk and the bill of complaint was served upon Mr. Berger by order of publication dated 7 October 1982. Following a hearing on 15 December 1982, a decree was entered awarding custody of the children to Mrs. Berger. Other matters raised by the complaint were not addressed in the decree, apparently because the court had no jurisdiction to adjudicate property matters because of Mr. Berger's non-residency. The matter in Virginia is still pending.

In North Carolina, Mrs. Berger initiated proceedings under North Carolina Rule 3, by issuance of a "civil summons to be served with order extending time to file complaint" and with an "application and order extending time to file complaint," which were personally served on Mr. Berger on 23 August 1982. On 26 August 1982 a complaint was filed and on 3 September 1986 the complaint was personally served. Mr. Berger filed an answer and counterclaim in the North Carolina action, and temporary orders were entered. The North Carolina court awarded alimony and child support *pendente lite*, which Mr. Berger largely ignored. In subsequent North Carolina proceedings, Mr. Berger was held in contempt of court for continued defiance of the *pendente lite* orders, and he had not purged himself of that contempt at the time the case now before us was argued in this Court.

The case that is before us today was filed in West Virginia by Martin Berger on 27 July 1983. In that complaint Mr. Berger asked for a divorce and that he be restored to possession of his real and personal property. Mrs. Berger answered and filed a motion to dismiss on the grounds that there were two other pending lawsuits, one in Virginia and the other in North Carolina. To protect her rights, however, Mrs. Berger also filed a counterclaim for divorce, and sought permanent custody of the infant children, alimony, child support, and equitable distribution of the marital property.

The Circuit Court of Kanawha County denied Mrs. Berger's motion to dismiss and referred the case to a divorce commissioner. The commissioner made findings of fact and conclusions of law to which both sides objected, and on 26 September 1984 the Circuit Court of Kanawha County entered a final order. In summary form, that final order allocated $164,497.50 to Mrs. Berger as her equitable distribution of the net family assets, awarded Mrs. Berger the exclusive use and occupancy of the jointly owned residence in Norfolk, Virginia, awarded Mrs. Berger the custody of the children along with $750.00 per month child support for each minor child, and awarded Mrs. Berger $1,500.00 per month alimony. Mr. Berger paid Mrs. Berger the $164,-497.50 by bank draft, which she accepted under protest.

Mrs. Berger now appeals to this Court asserting numerous errors concerning the calculation of the equitable distribution award, and claiming more alimony and child support. Mrs. Berger's primary assignment of error, however, is that the circuit court erred when he failed to dismiss the action below because of the pending North Carolina proceeding. We need not address any issue raised by the case's merits because Mrs. Berger is correct that the circuit court erred in failing to grant her timely motion to dismiss under *W. Va. Code* 56–6–10 [1923] which provides:

"Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be

entertained in vacation until reasonable notice thereof has been served upon the opposite party."

In the case before us there was not just one other proceeding, but rather two. Although in his West Virginia complaint for divorce filed on or about 27 July 1983, Mr. Berger averred that he was a resident of West Virginia, in his testimony on 23 March 1982 before the Circuit Court of the City of Norfolk he represented that he was a resident of North Carolina. Mrs. Berger's North Carolina action for divorce was filed on or about 26 August 1982, almost a year before Mr. Berger filed the action now before us in West Virginia.

In her complaint in North Carolina, Mrs. Berger alleged that Mr. Berger was a resident of North Carolina and Mr. Berger denied that allegation. But Mr. Berger was personally served with process, and we hold that it is for the North Carolina court to determine its own jurisdiction in this matter. According to an order filed in the General Court of Justice, District Court Division of Dare County, North Carolina, both Mr. and Mrs. Berger appeared *in person* on 29 November 1982 for a preliminary hearing on alimony *pendente lite*, child support, and counsel fees. The North Carolina court made extensive findings of fact and conclusions of law and then decreed that Mr. Berger pay Mrs. Berger $1,800.00 per month in alimony *pendente lite*, $4,200.00 per month child support for three minor children, and the sum of $6,792.26 for Mrs. Berger's attorneys' fees.

Mr. Berger failed to comply with the Dare County District Court's preliminary order, and on 14 February 1983 a hearing was held on a rule to show cause why Mr. Berger should not be held in contempt. Mr. Berger did not appear personally but appeared by counsel. The North Carolina court found that the defendant was in willful civil contempt and ordered that he be taken into the custody of the Sheriff of Dare County, North Carolina and confined in the Dare County District Jail until such time as he purged himself of contempt by a payment of $19,222.26 representing arrearages owed to Mrs. Berger. The North Carolina court then appointed a receiver for defendant's real and personal property, tangible and intangible, located in Dare County, North Carolina.

In light of the foregoing circumstances, we find that the Circuit Court of Kanawha County erred by hearing this divorce because there was then pending a proceeding on exactly the same subject between the same parties in North Carolina. *Blumberg Bros. Co. v. King*, 98 W.Va. 275, 127 S.E. 47 (1925); *Whan v. Hope Natural Gas Co.*, 81 W.Va. 338, 94 S.E. 365 (1917); *Keenan v. Scott*, 78 W.Va. 729, 90 S.E. 331 (1916). Although Mr. Berger maintains in this Court that because he was not a resident of North Carolina at the time Mrs. Berger's North Carolina divorce action was filed, the issue of Mr. Berger's residency was raised in Mrs. Berger's verified complaint and joined by Mr. Berger's answer. We infer, therefore, that the Dare County District Court considered the issue of residency and decided it adversely to Mr. Berger.

West Virginia has limited sovereign interest in the subject matter of this suit. Although Mr. Berger may now be a resident of West Virginia, almost all of the real estate and much of the personal property at issue in this case is located outside the State of West Virginia; there is no contest over the minor children who are admittedly residents of the Commonwealth of Virginia; and, Mrs. Berger, who is a resident of Virginia and a former resident and property owner of North Carolina, has no contacts whatsoever with West Virginia other than to be a defendant in this lawsuit.

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded with directions to require Mrs. Berger to return within 30 days the $164,497.50 together with interest from the date of her receipt of said sum, and upon proof that such payment has been made, to vacate the final order and stay all further proceedings until such time as the case now pending between the parties in North Carolina is resolved.

Reversed and remanded with directions.