**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


ANN KENDALL MORRIS,
JOSEPH GREENE,
CAROLYN BESTE, AND
MICHAEL BESTE,
**Plaintiffs Below, Petitioners**

**FILED**
**November 14, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-1035 (Kanawha County 14-C-2197)**


THE ESTATE OF ROBERT LEE MORRIS;
EUGENIE MATYAS, INDIVIDUALLY AND IN
HER CAPACITY AS EXECUTRIX OF AND
FOR THE ESTATE OF ROBERT LEE MORRIS;
EDWARD M. MATYAS; AND
JULIE MATYAS,
**Defendants Below, Respondents**


**MEMORANDUM DECISION**


The petitioners, Ann Kendall Morris, Joseph Greene, Carolyn Beste, and Michael Beste, by counsel, Todd W. Reed, appeal a September 22, 2015, order entered by the Circuit Court of Kanawha County dismissing without prejudice their complaint filed against the respondents, the Estate of Robert Lee Morris; Eugenie Matyas, individually and in her capacity as executrix of the Estate of Robert Lee Morris; Edward M. Matyas; and Julie Matyas. The respondents, by counsel Christopher S. Smith and Nicola D. Smith, filed a response.

Upon consideration of the parties' briefs, oral arguments, the appendix record, and the pertinent authorities, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

The complaint at issue in this case was filed after the death of Robert Lee Morris. Mr. Morris and his wife were the parents of three daughters–the petitioners, Ann Kendall Morris and Carolyn Beste,[1] and the respondent, Eugenie Matyas. Mr. Morris's wife died on August 10, 2012, and Mr. Morris died on October 27, 2014. Mr. Morris resided in Kanawha County, West Virginia, until a few months after his wife's death. On October 5, 2012, Mr. Morris went to live with Ms. Matyas in New Jersey. Ms. Morris and Mrs. Beste maintain that Mr. Morris suffered from dementia[2] and was transported to New Jersey against his will by Ms. Matyas.

Prior to his death, Mr. Morris executed a Last Will and Testament and a General Power of Attorney. The will, which was executed in West Virginia on April 7, 2011, appointed Mr. Morris's wife as executrix and Ms. Matyas as the alternate. Likewise, the power of attorney, executed the same day, appointed Mr. Morris's wife as his attorney-in-fact and Ms. Matyas as the alternate. According to the petitioners, Mr. Morris had executed a will in 2008 that divided his estate equally between his three daughters and their respective husbands. The 2011 will, while similar to the 2008 will, added Mr. Morris's only two grandchildren, respondents Edward Matyas and Julie Matyas, the children of Ms. Matyas, as five percent beneficiaries.

At the time of his death, Mr. Morris was living in a New Jersey health care facility. After Mr. Morris died, Ms. Matyas probated his 2011 will in New Jersey. Pursuant to those proceedings, inheritance taxes in the amount of $121,506.64 were paid to the State of New Jersey. After Ms. Matyas initiated probate proceedings in New Jersey, the petitioners filed the present action in the Circuit Court of Kanawha County. Through their complaint, filed on December 17, 2014, the petitioners sought declaratory relief with respect to the appropriate location for the probate of Mr. Morris's estate and the validity of the 2011 will. The complaint also sought to have Ms. Matyas removed as executrix of Mr. Morris's estate

---

[1]Petitioners Joseph Greene and Micheal Beste are the respective husbands of petitioners Ann Kendall Morris and Carolyn Beste.

[2]The record indicates Mr. Morris suffered from dementia during the last few years of his life. According to a report of a New Jersey guardian ad litem appointed to protect Mr. Morris's interests, Ms. Matyas took care of Mr. Morris in her home in New Jersey for approximately two years. When Mr. Morris's medical condition deteriorated to the point that in-home care was no longer a viable option, Ms. Matyas admitted him to a health care facility.

and asserted claims of unjust enrichment, intentional and negligent infliction of emotional distress, conversion, and fraud.[3]

On February 2, 2015, the respondents filed a motion to dismiss, claiming improper or lack of personal jurisdiction and comity. In particular, the respondents asserted that Ms. Matyas has been a resident of New Jersey for thirty years and her children, Edward and Julie Matyas, live in Pennsylvania. Except for a cemetery plot purchased for Ms. Matyas' first husband, the respondents stated they do not own real estate in West Virginia. The respondents also indicated they do not have a business in West Virginia and they have not contracted to supply goods or services in West Virginia. The respondents further stated that their only contact with West Virginia consisted of Ms. Matyas's communications with her father's bank and stock broker in her capacity as executrix and consultations with a West Virginia attorney concerning the sale of Mr. Morris's home. Contending that they lacked sufficient minimum contacts with West Virginia, the respondents argued that there were no grounds for exerting in personam jurisdiction as set forth in West Virginia Code § 56-3-33 (2012), West Virginia's long-arm statute.

Alternatively, the respondents argued the complaint should be dismissed or the proceedings stayed pursuant to West Virginia Code § 56-6-10 (2012), which provides:

> Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable notice thereof has been served upon the opposite party.

---

[3]On December 18, 2014, the petitioners filed and recorded a Notice of Lis Pendens to alert potential buyers of Mr. Morris's real estate of their claims. On December 26, 2014, the petitioners filed a Verified Motion for Injunction and/or Temporary Restraining Order to Freeze and Prevent Dissipation of Assets. Subsequently, on February 12, 2015, Mr. Morris's real property was sold via stipulation of the parties as reflected in the circuit court's order entered that same date. The proceeds from the sale of the real property were placed in the Registry of the Kanawha County Circuit Court, where they remain pending the outcome of the litigation between the parties.

3

The respondents explained that prior to Mr. Morris's death, Ms. Matyas filed a petition for guardianship of Mr. Morris in New Jersey.[4] Mrs. Beste and her husband filed a counterclaim in that action, seeking to have themselves declared co-guardians of Mr. Morris. In addition, the Bestes made allegations in their New Jersey counterclaim that are virtually identical to those set forth in the complaint in the case *sub judice*.[5] According to the respondents, at the time of Mr. Morris's death, the New Jersey litigation was "well advanced." Although the guardianship issue was rendered moot by Mr. Morris's death, the counterclaim asserted by the Bestes concerning Ms. Matyas's alleged mismanagement of Mr. Morris's estate remains pending.[6] Accordingly, the respondents argued that the proceedings in the circuit court should at a minimum be stayed until the New Jersey litigation is complete.

The circuit court held a hearing on August 31, 2015, regarding the respondents' motion to dismiss. On September 22, 2015, the circuit court entered an order dismissing the complaint without prejudice pursuant to Rule 12(b)(2) of the West Virginia Rules of Civil Procedure.[7] The circuit court also determined the complaint should be dismissed because the same issues are being considered by a New Jersey Court. Upon entry of the circuit court order, this appeal followed.

---

[4]The record indicates that Ms. Matyas was prompted to file the guardianship proceeding in New Jersey because the petitioners filed a petition in West Virginia in December 2012 to have Mr. Morris declared incompetent. Ultimately, a West Virginia mental hygiene commissioner found Mr. Morris to be competent, and the petition was dismissed on February 11, 2013.

[5]A copy of the counter-claim filed by the Bestes in the New Jersey action was included in the appendix record submitted to this Court. The Bestes alleged in the New Jersey action, *inter alia*, that Ms. Matyas breached her fiduciary duty and engaged in self-dealing, fraud, and misrepresentation. The Bestes also asserted claims of unjust enrichment and intentional infliction of emotional distress.

[6]The State of New Jersey has been made a party to the proceedings currently pending in New Jersey so that it may protect its interests, i.e., the inheritance tax that was paid.

[7]Rule 12(b)(2) provides that a litigant may file a motion to dismiss an action for "lack of jurisdiction over the person."

4

Contending that the complaint was dismissed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure,[8] the petitioners assert that the circuit court converted the motion to one for summary judgment without giving them notice. The petitioners further aver that the circuit court improperly considered matters outside the pleadings and decided issues of fact to conclude that dismissal of their complaint was warranted. In other words, the petitioners assert the circuit court made factual determinations rather than evaluating the sufficiency of their complaint. Maintaining that the circuit court failed to follow the proper standard of review for either a motion to dismiss pursuant to Rule 12(b)(6) or a motion for summary judgment, the petitioners claim that every genuine issue of material fact was disputed and remains in dispute. The petitioners further maintain that they clearly set forth sufficient factual allegations which made clear the nature of their claims. Therefore, the petitioners reason that the circuit court erred in dismissing their complaint.

Conversely, the respondents argue that the circuit court properly dismissed the complaint pursuant to Rule 12(b)(2) and for reasons of comity. Pointing out that the dismissal order expressly references Rule 12(b)(2), not Rule 12(b)(6), the respondents contend that the circuit court did not err by considering matters outside the pleadings to determine there was no personal jurisdiction over them. Further, the respondents contend the circuit court correctly determined that the New Jersey action should be resolved before any further proceedings occur in West Virginia.

Through its order, the circuit court dismissed the complaint "for lack of personal jurisdiction pursuant to W. Va. R. Civ. P. 12(b)(2) and because, essentially, the same issues are being considered by the New Jersey Court." In syllabus point four of *State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson*, 201 W.Va. 402, 497 S.E.2d 755 (1997), this Court explained:

> When a defendant files a motion to dismiss for lack of personal jurisdiction under W. Va. R Civ. P. 12(b)(2), the circuit court may rule on the motion upon the pleadings, affidavits and other documentary evidence or the court may permit discovery to aid in its decision. At this stage, the party asserting jurisdiction need only make a *prima facie* showing of personal jurisdiction in order to survive the motion to dismiss. In determining whether a party has made a *prima facie* showing of personal jurisdiction, the court must view the allegations in

---

[8]Rule 12(b)(6) provides that a litigant may file a motion to dismiss an action for "failure to state a claim upon which relief can be granted."

the light most favorable to such party, drawing all inferences in favor of jurisdiction. If, however, the court conducts a pretrial evidentiary hearing on the motion, or if the personal jurisdiction issue is litigated at trial, the party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence.[9]

(Footnote added). In addition, this Court has held that "[a] motion under Rule 12(b)(2) of the West Virginia Rules of Civil Procedure cannot be converted to a Rule 56 motion for summary judgment, even though a trial court considers matters outside the pleadings in deciding the Rule 12(b)(2) motion." Syl. Pt. 4, *Easterling v. American Optical Corp.*, 207 W.Va. 123, 529 S.E.2d 588 (2000); *see also* Syl. Pt. 1, in part, *Poling v. Belington Bank, Inc.*, 207 W.Va. 145, 529 S.E.2d 856 (1999) (explaining "[i]f a summary judgment is entered under Rule 56 R.C.P. it is a dismissal with prejudice; whereas, a judgment sustaining a motion to dismiss under Rule 12(b) R.C.P. is not a dismissal with prejudice"), *abrogated on other grounds by Forshey v. Jackson*, 222 W.Va. 743, 671 S.E.2d 748 (2008). Here, the circuit court clearly dismissed the complaint without prejudice pursuant to Rule 12(b)(2). Therefore, there is no merit to the petitioners' contention that the circuit court erroneously granted summary judgment.

In reviewing a circuit court's ruling on a motion to dismiss for lack of personal jurisdiction, "the standard by which the ruling of the Circuit Court is to be reviewed is whether [petitioners] made a *prima facie* showing of personal or *in personam* jurisdiction over [respondents] sufficient to withstand the motion to dismiss." *Griffith & Coe Advertising, Inc. v. Farmers & Merchants Bank and Trust*, 215 W.Va. 428, 430, 599 S.E.2d 851, 853 (2004). It is axiomatic that "jurisdiction cannot be asserted over a defendant with which a state has no contacts, no ties and no relations." *State ex rel. CSR Ltd. v. MacQueen*, 190 W.Va. 695, 698, 441 S.E.2d 658, 661 (1994). The determination of whether a circuit court has personal jurisdiction over a nonresident defendant or foreign corporation involves a two-step analysis as set forth in syllabus point five of *Abbott v. Owens-Corning Fiberglas Corp.*, 191 W.Va. 198, 444 S.E.2d 285 (1994), *superceded by statute on other grounds as stated in State ex rel. Ford Motor Co. v. Nibert*, 235 W.Va. 235, 773 S.E.2d 1 (2015):

A court must use a two-step approach when analyzing whether personal jurisdiction exists over a foreign corporation

---

[9]The circuit court heard oral arguments on the motion to dismiss but did not conduct an evidentiary hearing. The record indicates the circuit court also considered the pleadings, affidavits, and other documents submitted with the motion to dismiss and the response thereto before rendering its decision.

6

or other nonresident. The first step involves determining whether the defendant's actions satisfy our personal jurisdiction statutes set forth in *W.Va.Code*, 31-1-15 [1984][10] and *W.Va.Code*, 56-3-33 [1984]. The second step involves determining whether the defendant's contacts with the forum state satisfy federal due process.

191 W.Va. at 200, 444 S.E.2d at 287 (footnote added). This Court further explained in *Abbott:*

> The primary long-arm statute is *W.Va.Code*, 56-3-33(a) [1984] which confers *in personam* jurisdiction on a nonresident if the nonresident engages in one of the acts specified below:
> (1) Transacting any business in this State;
> (2) Contracting to supply services or things in this State;
> (3) Causing tortious injury by an act or omission in this State;
> (4) Causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
> (5) Causing injury in this State to any person by breach of warranty expressly or impliedly made in the sale of goods outside this State when he might reasonably have expected such person to use, consume or be affected by the goods in this State: Provided, That he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
> (6) Having an interest in, using or possessing real property in this State; or
> (7) Contracting to insure any person, property or risk located within this State at the time of contracting.

---

[10]West Virginia Code § 31-1-15 was repealed in 2002. Jurisdiction over foreign corporations is now addressed by West Virginia Code § 31D-15-1501 (2015). Because no corporation is involved in this case, the statute is not applicable.

7

*Abbott*, 191 W.Va. at 207, 444 S.E.2d at 294.

Applying West Virginia Code § 56-3-33 to the case at bar, the circuit court first noted that none of the respondents are residents of West Virginia, and they do not own real estate in West Virginia, except for Ms. Matyas who has an interest in a burial plot that does not relate to any of the petitioners' claims. With respect to the petitioners' argument that the respondents have an interest in real estate because they are beneficiaries of Mr. Morris's estate, which included his house in West Virginia, the circuit court observed that Mr. Morris's residence was not devised under the will but rather was sold pursuant to a power granted to the executrix under the will. As such, the circuit court concluded that respondents do not have an interest in real estate in West Virginia. The petitioners argued that Ms. Matyas's maintenance of Mr. Morris's personal investment and bank account in Charleston, West Virginia, constituted doing in business in West Virginia. The circuit court concluded, however, that Ms. Matyas's communications with a West Virginia representative of Wells Fargo, a multi-national banking institution, did not constitute transacting business in West Virginia and did not establish minimum contacts sufficient to establish in personam jurisdiction in West Virginia. The circuit court also found petitioners' assertions that Ms. Matyas had wrongfully taken Mr. Morris to New Jersey and, therefore, committed a tort in West Virginia, to be without merit, noting that Ms. Matyas had been appointed as Mr. Morris's temporary guardian by a New Jersey court. Finally, the circuit court observed that while Mr. Morris's grandchildren, Edward and Julia Matyas, had been named defendants, the complaint did not actually assert any claims against them, nor did it set forth any grounds for jurisdiction over them. For these reasons, the circuit court concluded that petitioners failed to make a prima facie showing of personal jurisdiction sufficient to withstand the motion to dismiss.[11]

We have indicated that "[t]he critical element for determining minimum contacts is not the volume of activity but rather 'the quality and nature of the activity in relation to the fair and orderly administration of the laws.'" *Norfolk S. Ry. Co. v. Maynard*, 190 W.Va. 113, 116, 437 S.E.2d 277, 280 (1993) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Further, "[t]o what extent a nonresident defendant has minimum contacts with the forum state depends upon the facts of the individual case. One essential inquiry is whether the defendant has purposefully acted to obtain benefits or

---

[11]Because the petitioners failed to satisfy the first step of the *Abbott* analysis, it was not necessary for the circuit court to proceed to second step. *See Lane v. Boston Scientific Corp.*, 198 W.Va. 447, 453, 481 S.E.2d 753 (1996) (considering whether defendant's contacts with state satisfy federal due process unnecessary when plaintiff fails to meet first step in analyzing jurisdictional questions).

privileges in the forum state." Syl. Pt. 3, *Pries v. Watt*, 186 W.Va. 49, 410 S.E.2d 285 (1991). Upon review, we find no error in the circuit court's conclusion that the petitioners failed to meet their burden of establishing that the nonresident respondents possessed sufficient "minimum contacts" with West Virginia to enable the court to exercise personal jurisdiction over them.

The circuit court also dismissed the complaint because the same claims are currently being litigated in New Jersey. This Court has previously determined that when there is litigation on the same subject between the same parties pending in another state, our courts should not consider the matter until the proceedings in the other state are resolved. For example, in *Berger v. Berger*, 177 W.Va. 58, 350 S.E.2d 685 (1986), the husband initiated divorce proceedings in the Circuit Court of Kanawha County after his wife filed for divorce in another state. Upon review, this Court found the circuit court had "erred by hearing this divorce because there was then pending a proceeding on exactly the same subject between the same parties in North Carolina." *Id.* at 60, 350 S.E.2d at 687. Similarly, the petitioners in the case at bar made the same claims regarding Ms. Matyas's alleged breach of her fiduciary duty in their counterclaim filed in the New Jersey action. Moreover, Mr. Morris's will has already been probated in New Jersey and one of the claims pending in the current New Jersey litigation is whether the will should have been probated in West Virginia. As such, a redundant proceeding in West Virginia would not be judicially economical and could produce contradictory results. As this Court long ago explained,

> Whether denominated reciprocity, comity, or necessity, the principle is imperative, because [it is] essential to the orderly administration of justice. It avoids the conflict, confusion, and imposition that inevitably may follow or result from the encroachment by one court upon the jurisdiction of co-ordinate tribunals assuming to act in the same matter, whether they be within the same or different state governments. Necessarily any other course may, and often would, produce unjust, if not disastrous, results, rather than promote that justice which courts are ordained to administer.

*Whan v. Hope Natural Gas Co.*, 81 W.Va. 338, 342, 94 S.E. 365, 367 (1917).[12]

---

[12]The petitioners also asserted during oral argument that this Court's recent decision in *Mason v. Torrellas*, __ W.Va. __, __ S.E.2d __ (No. 15-0726 Oct. 6, 2016), required reversal of the circuit court's order. We disagree given the factual and procedural differences between the two cases. Subject matter jurisdiction, rather than personal jurisdiction, was

Accordingly, for the reasons set forth above, we affirm the circuit court's September 22, 2015, order.

Affirmed.

**ISSUED:**     November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

challenged in *Mason.* Moreover, the petitioner in *Mason* was not given notice of the New York probate proceedings, which were completed by the time the West Virginia complaint was filed.