IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EDREY O.,**
**Petitioner Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-111**    (Fam. Ct. Kanawha Cnty. Case No. 23-D-1017)

**MEILYN O.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edrey O.[1] ("Father") appeals from the final order entered by the Family Court of Kanawha County on February 22, 2024. In its order, the family court dismissed Father's divorce petition, finding it lacked jurisdiction over the parties' divorce, and that Texas, not West Virginia, was the "home state" of the parties' child pursuant to provisions of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Respondent Meilyn O. ("Mother") filed a response.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Father and Mother were married in Texas on April 26, 2016, and share one child, who was born in Texas on July 29, 2021. The parties resided together with their child in Texas until November of 2022 when they came to West Virginia, residing in the home of the paternal grandparents. According to the record, Father and Mother chose to come to West Virginia to visit the paternal grandparents, as well as determine if a potential relocation here would improve their marriage. However, the marriage continued to be strained, and on December 1, 2022, Mother and child left West Virginia and relocated to Florida with Mother's sister until January 3, 2023. Thereafter, Mother and child traveled to Brazil where they remained until April 24, 2023. Mother and child returned to West

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. P. 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Ronald N. Walters, Jr., Esq.

Virginia on May 2, 2023, and remained in the state until June 28, 2023, at which time they returned to Texas.

Mother filed for divorce in Texas on June 27, 2023. It is undisputed that both parties retained counsel in Texas and that Father subjected himself to the jurisdiction of the Texas Court by the filing of responsive pleadings in the divorce action, including a counter-petition for divorce on July 18, 2023. A temporary order addressing custodial allocation, temporary division of assets, child support, and mediation between the parties was entered by the Texas Court on August 4, 2023. On November 28, 2023, Father filed a petition for divorce in the Family Court of Kanawha County ("Kanawha County"), alleging irreconcilable differences. Mother did not file an answer to the petition. According to the docket sheet from the Texas case, which was filed in the Kanawha County case on February 22, 2024, the Texas matter remains pending, and Father was still filing pleadings in the matter as of February of 2024.

On December 6, 2023, Father filed a motion asking Kanawha County to assume jurisdiction over the parties' child pursuant to the UCCJEA. On December 20, 2023, Mother, acting as a self-represented litigant, filed "Respondent's Special Appearance, Plea to the Jurisdiction, Request for Court to Decline Jurisdiction, and Original Answer," wherein she categorically denied that West Virginia had jurisdiction over the divorce. She contended that neither she, Father, nor the child had established residency in West Virginia and Father was using his parents' West Virginia address in an attempt to establish residency; both Father and Mother remained employed in Texas and legally resided there; and that Father was exercising visitation with the child in Texas pursuant to an order entered in the Texas proceeding. Mother later obtained counsel in West Virginia who, on February 20, 2024, filed a motion to dismiss Father's request for UCCJEA jurisdiction on the basis that West Virginia did not have jurisdiction and that Texas was the home state of the child.

A final hearing on Father's divorce petition was held in Kanawha County on February 20, 2024. At this hearing, Father appeared self-represented, Mother appeared by phone, but her counsel appeared in person. On February 22, 2024, Kanawha County issued its final order which dismissed Father's petition, finding that West Virginia lacked jurisdiction under the UCCJEA and over the divorce petition. Kanawha County declined to exercise jurisdiction under the UCCJEA, finding that there was a pending divorce proceeding in Texas wherein the presiding state court had entered a custody order; at the time the Texas divorce was filed, the parties had not met the residency requirements for a divorce or UCCJEA proceeding in West Virginia; no other grounds existed under the UCCJEA for West Virginia to exercise jurisdiction over the child; and Mother, Father, and child all continued to have substantial connections to Texas.[3] For those reasons, Kanawha

---

[3] More specifically, Kanawha County found that Father continued to split his time between West Virginia and Texas, including exercising visitation with the child in Texas

County concluded that West Virginia lacked jurisdiction under the UCCJEA, Texas was the "home state" of the child, and the best interests of the child would be served in that jurisdiction. Regarding the divorce petition, the final order set forth that the sole ground raised in Father's petition was irreconcilable differences. However, because Mother had not filed an answer admitting that irreconcilable differences existed as required by West Virginia Code § 48-5-201 (2001), it could not proceed on the divorce petition.[4] This appeal followed.

Addressing this appeal, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father challenges the final order's conclusions that Kanawha County lacked jurisdiction under the UCCJEA and over the divorce petition, contends the final order lacks sufficient evidentiary findings, and alleges a lack of procedural fairness during the February 20, 2024, hearing.[5] We will address these arguments in turn.

---

pursuant to an order entered in the Texas divorce proceeding. Kanawha County also determined that the child was born, primarily resided, and received the majority of her medical care in Texas.

[4] West Virginia Code § 48-5-201 provides, in part, that "[t]he court may order a divorce if the complaint alleges that irreconcilable differences exist between the parties and an answer is filed admitting that allegation."

[5] By order entered on June 26, 2024, this Court struck portions of Father's appendix and specifically limited it to those documents filed in the Kanawha County proceeding. Father's brief also raises issues for the first time on appeal. For example, he alleges alienation, abduction, unjustifiable conduct, and a lack of substantial Texas connections for the parties. These issues were not raised or preserved for appeal during the Kanawha County proceeding. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the

3

Father argues that Kanawha County erred because it failed to properly apply the UCCJEA to his benefit. He maintains the evidence established that the child had substantial connections to West Virginia which required Kanawha County to assume jurisdiction. We disagree.

Pursuant to the UCCJEA, West Virginia Code § 48-20-206(a) (2001) provides:

Except as otherwise provided in section 20-204 [§ 48-20-204], a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under 20-207 [§ 48-20-207].

As set forth by the final order, Kanawha County found that the Texas proceeding was already pending at the time Father filed his action in Kanawha County, and the Texas Court had already entered a custody order, which precluded Kanawha County from assuming jurisdiction. We find no error in this determination. From the record, it is clear that there was an action regarding custody of the parties' child pending in Texas at the time Father initiated proceedings in Kanawha County and that the Texas Court has already entered an order on child custody. There was no evidence that the Texas action had been terminated or stayed. Rather, the record clearly shows Father continues to participate in the Texas Court litigation. Furthermore, there is nothing in the record which would have required Kanawha County to apply either statute identified as an exception under West Virginia Code § 48-20-206(a). As such, we affirm the circuit court's decision to dismiss the UCCJEA action.

Next, Father assigns error to Kanawha County's dismissal of his divorce petition. On this issue, Father asserts that he is a bona fide resident of West Virginia; irreconcilable differences was the same ground for divorce raised by Mother in Texas; neither Mother nor her counsel objected at the February 20, 2024, hearing to Father's divorce petition; and that Kanawha County failed to use its authority to grant divorce on other statutory grounds such as desertion, which he contends was supported by the evidence. We are not persuaded by this argument. First, Father fails to cite to the record to establish that these issues were preserved for appeal and likewise, he fails to cite to any pertinent authority to support his contentions. Moreover, Kanawha County relied upon the fact that there was no answer filed by Mother admitting irreconcilable differences to find that it lacked jurisdiction to consider Father's petition. Father makes no argument and cites no authority to challenge this conclusion or to establish that Kanawha County erred in its application of West

_____

first time on appeal). Accordingly, our ruling is based upon the record below and does not address the issues raised for the first time on appeal to this Court.

4

Virginia Code § 48-5-201. Thus, we cannot conclude that Kanawha County's dismissal of the divorce petition was an abuse of discretion.[6]

We now turn to Father's two remaining assignments of error. Father contends that the final order's factual findings are inaccurate and not substantiated by the record. He also claims he was denied procedural fairness during the February 20, 2024, hearing because Mother was permitted to appear by phone and that he was denied timely notice of the separate motions filed by Mother and her counsel. We find no merit in either argument. On both issues, other than making cursory arguments, Father fails to set forth any legal authority and fails to cite to any evidence within the record to support those arguments. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 307, 284 S.E.2d 374, 376 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); W. Va. R. App. P. 10(c) (stating this Court may disregard errors not adequately supported by specific references to the appellate record). Moreover, because we have affirmed Kanawha County's final order, we conclude that Father has no basis upon which to establish prejudicial error. *Orphanos v. Rodgers*, 250 W. Va. 442, ___, 903 S.E.2d 623, 642 (Ct. App. 2024) (citing *Reed v. Wimmer*, 195 W. Va. 199, 209, 465 S.E.2d 199, 209 (1995)) ("[E]rror is prejudicial and ground for reversal only when it affects the final outcome and works adversely to a substantial right of the party assigning it.").

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 6, 2024

---

[6] Although not the basis for dismissal below, Kanawha County could have dismissed the divorce petition based upon the existence of the pending divorce proceeding in Texas. Our Supreme Court of Appeals has previously found that a court erred by hearing a divorce proceeding "because there was then pending a proceeding on exactly the same subject between the same parties in North Carolina." *Berger v. Berger*, 177 W. Va. 58, 60, 350 S.E.2d 685, 687 (1986). The Supreme Court of Appeals has also stated that "[t]his Court has previously determined that when there is litigation on the same subject between the same parties pending in another state, our courts should not consider the matter until the proceedings in the other state are resolved." *Morris v. Est. of Morris*, No. 15-1035, 2016 WL 6678988, at *5 (W. Va. Nov. 14, 2016) (memorandum decision) (affirming dismissal of West Virginia proceeding based on pending New Jersey proceeding litigating the same claims). In this case, the Texas proceeding was pending at the time Father filed for divorce in West Virginia and both divorce actions raise the ground of irreconcilable differences. Therefore, the comity principle of *Berger* is an alternative basis upon which dismissal of Father's divorce petition would have been appropriate.

5

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear